# 396 CASES IN THE SUPREME COURT

Nov. Term, 1861.

BINGHAM *v.* KIMBALL.

BINGHAM v. KIMBALL.

Suit against *A.* upon a promissory note, as follows, "Due on demand to *B. & Co.,* eleven hundred and four $\frac{60}{100}$ dollars, balance on lumber furnished the State Fair Grounds." (Signed,) "*A.,* Superintendent." Answer: that the note was given for the price of certain lumber, which the payees had before that time sold and delivered to the *State Board of Agriculture,* and was signed by the defendant as superintendent of said board, for the purpose of liquidating the debt, and as the note and obligation of said board, not for the purpose of binding defendant, and for no other consideration, &c.

*Held,* that the note having been given for a claim which the payees already had against the *State Board of Agriculture,* and without any new consideration, was *nudum pactum;* the previous indebtedness of the board to the payees not being, of itself, a sufficient consideration to support the promise of *A.* to pay the debt.

A want of consideration can not, under the code, be given in evidence under the general denial, as it formerly could under the general issue.

Wednesday, December 11.

APPEAL from the *Marion* Circuit Court.

WORDEN, J.—Suit by *Kimball,* as assignee, against *Bingham,* as maker, of the following note:

"$1,104.60                    LAFAYETTE, *July* 6, 1854.

"Due on demand to Messrs. *W. F. Smith & Co.,* eleven hundred and four $\frac{60}{100}$ dollars, balance due on lumber furnished the State Fair Grounds.

(Signed,)     "J. J. BINGHAM, *Superintendent.*"

A demurrer was sustained to the following paragraph of the answer, and final judgment rendered for the plaintiff: "The defendant, for a further answer to the complaint, says, that the note sued on was executed for the consideration following, that is to say: that plaintiff's assignors (the payees of the note) had sold and delivered to the *Indiana State Board of Agriculture* a large amount of lumber, for the use of said board in the preparation and inclosure of the fair grounds; that said *Smith & Co.* had contracted with the defendant for the sale of such lumber as the agent of said board, whose agent he was, and had charged the same to said board, and not to the defendant; that the note sued

on was executed for the purpose of liquidating said account, and was signed by the defendant, not by his usual signature, but as "superintendent," meaning thereby, as was well understood by said *Smith & Co., Superintendent of the State Board of Agriculture;* that said note was delivered to the plaintiff's assignors, and received by them, not for the purpose of binding the defendant, in any event, to the payment of the same, but as the note and obligation of the *State Board of Agriculture,* whose obligation it in fact is, said defendant being authorized to bind said board; that said board has paid on said note the sum credited, and are liable to pay the residue, and not this defendant; that *Joseph A. Wright,* the then president of said board, upon the presentation of the same by said *Smith & Co.,* acknowledged the said note as the obligation of said board."

If this answer be regarded as merely showing that the note sued on should be construed to be the note of the *Indiana State Board of Agriculture,* a corporation created by a law of this State, and not the note of the defendant, it would probably be defective. *Mears et al.* v. *Graham et al.,* 8 Blackf. 144. But we think the facts set up show a substantial defense to the action, viz., that the note was given without any sufficient consideration to support it. The consideration is averred to have been the *previous* sale and delivery of lumber to the *Indiana State Board of Agriculture.* The defendant acted as the agent of the corporation in purchasing the lumber, but if, as averred, he was authorized by the corporation, and if the lumber was sold and furnished to the corporation, and not to the defendant, no debt was created as against him. The case is made no stronger against the defendant by the fact that the corporation made the purchase through him as her agent. He stands, thus far, in the same position as if the purchase had been made through any other agent. The case then is simply this: the payees of the note had a claim against the *Indiana State Board of Agriculture.* For this claim, without any new consideration whatever, the defendant executed his individual note. This is, in substance, though not in form, a promise to answer for the debt of another. Had

Nov. Term, the note been given concurrently with the creation of the
1861.     original debt, and as part of that transaction, the case might
BINGHAM   have stood differently; but as it is, we think it clear that
v.        the contract is *nudum pactum*.
KIMBALL.
          Some authorities on this point may be noted.  In *Leonard*
v. *Vredenburgh*, 8 Johns. 29, 39, Chancellor *Kent* says:
"There are, then, three classes of cases on this subject, which
require to be discriminated: 1. Cases in which the guaranty
or promise is collateral to the principal contract, but is made
at the same time, and becomes an essential ground of the
credit given to the principal or direct debtor.  Here, as we
have already seen, is not, nor need be, any other considera-
tion than that moving between the creditor and the original
debtor.  2. Cases in which the collateral undertaking is *sub-
sequent* to the creation of the debt, and was not the induce-
ment to it, though the subsisting liability is the ground of
the promise, without any distinct and unconnected induce-
ment.  Here must be some further consideration shown,
having an immediate respect to such liability, for the con-
sideration of the original debt will not attach to this subse-
quent promise."  In a note to Smith on Cont., top page 119,
4 Am. Ed., it is said that "Where the promise is given *sub-
sequently* to the creation of the debt, it is evident that the
mere existence of the debt can not, even at common law,
be a sufficient consideration for the promise."  *Vide*, also,
Browne on Stat. Frauds, § 191.  *Birkmyr* v. *Darnell*, and
note, 1 Smith's Lead. Cases, p. 134.

The payees of the note lost nothing by thus taking it.
Their claim against the corporation was not thereby ex-
tinguished.  *Tyner* v. *Stoops*, 11 Ind. 22.  Had their claim
against the corporation been extinguished by the taking of
the note of the defendant, that might, perhaps, have fur-
nished a sufficient consideration for the note.  There might,
undoubtedly, be a new consideration growing out of, or con-
nected with, the original indebtedness, which would be suf-
ficient.  Such, perhaps, as an agreement to give further
time to the original debtor; an agreeement not to sue, or to
dismiss a suit already brought; a placing of property by the
original debtor, into the hands of the party making the new

promise; and other cases that might be suggested. Nothing of the kind, however, comes in, in the present case, to furnish a consideration for the note sued upon. It depends solely upon the previous indebtedness of the corporation to the payees of the note, and this is not sufficient. The demurrer should have been overruled.

Nov. Term, 1861.

It is suggested by counsel for the appellee, that the defense could have been given in evidence under the general denial, on which the cause was tried, and therefore that the ruling on the demurrer, if wrong, did no harm. A want of consideration can not be given in evidence under the general denial, as it formerly could under the general issue.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. L. Walpole*, *J. E. McDonald* and *A. L. Roache*, for the appellant.

*John L. Ketcham*, for the appellee.