## Jones v. Dorr.

Representations, by the payer of a note, that it is all right, and will be paid, made to a purchaser of such note, *after* he has become the owner thereof, shall not operate as an estoppel against the payer, nor can such representations, repeated by the purchaser thereof to any person to whom *he* may sell the same, have such effect in favor of such second purchaser.

APPEAL from the *Porter* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, brought an action against *Balinda Jones*, to foreclose a mortgage on the west half of the north-west quarter of section 16, in township 35, north, of range 6, east, in *Porter* county. The mortgage bears date April the 15th, 1856, and was executed by the defendant to one *Thomas Englin*, to secure the payment of a note for two hundred dollars. It is averred, in the complaint, that *Englin*, by indorsement, assigned the note and mortgage to one *Absalom Leonard*, who indorsed

them to the plaintiff. The defendant answered: 1. By a denial. 2. That the note, the payment of which is secured by the mortgage, was given for a part of the purchase money of the above-described real estate, which, at the time it was given, was sold, and, by deed in fee, conveyed by *Englin* to the defendant; and that *Englin*, the grantor, in and by said deed, covenanted that he was lawfully seized of the premises; that he had good right to convey; that they were unincumbered; and that he would warrant and defend the title to the same against all claims, etc. Of these covenants six breaches were alleged. The third and fourth were withdrawn before the cause was submitted for trial. The first, second, fifth, and sixth are as follows: 1. That the grantor was not lawfully seized, etc., and had not good right to sell and convey, etc. 2. That he had no title to the land. 5. That the same, at the time of the conveyance, was owned by the *Fort Wayne and Chicago Railroad Company*, and that company still owns it. 6. That when the conveyance was made, the land was incumbered by a deed, for the right of way over and across the same, executed to the *Fort Wayne and Chicago Railroad Company*, for the use of said company, and that after the defendant received said conveyance, the company entered upon and took possession of a part of the land, to-wit: four acres, worth one hundred and fifty dollars, and constructed thereon her railroad, and, in the construction thereof, has made large embankments and excavations of earth, to the damage of the land and of the defendant, two hundred dollars, etc.

The plaintiff's reply to the answer consists of a general denial, and four special paragraphs. The defendant demurred to the second, third, fourth, and fifth paragraphs. To the second the demurrer was overruled, but sustained as to the others. The issues were submitted to the Court, who found for the plaintiff, and having refused a new trial, rendered judgment, etc.

The second reply, to which the demurrer was overruled, is as follows: "And the plaintiff says that, before he purchased the note from *Absalom Leonard*, as stated in the complaint, the defendant represented to *Leonard* that said note was all right, and just, and that she would pay it as soon as she could, and claimed no set-off or other defense to the same; that *Leonard*, when he sold the note to the plaintiff, informed him of the representations of the defendant respecting the note, and the plaintiff, believing said representations to be true, and relying upon them, purchased it of *Leonard;* wherefore, etc.·

Was this reply sufficient to avoid the answer? If the representations and promises, set up in the reply, had been made to *Leonard*, when he was negotiating for the purchase of the note, and he had acted upon them, the defendant would have been estopped from setting up any defense to its validity, because, in that case, her admissions and representations would have constituted a valid estoppel. And the same would be true had they been made by *her* to the plaintiff, at the time he purchased. But these representations were made after *Leonard* had bought the note. He was not, in respect to his purchase, in any degree influenced by them, and the result is, they constituted no estoppel in his favor. If, then, the declarations were not an estoppel in *Leonard's* favor, no statement of his could make them an estoppel when pleaded by his assignee. The reason for this conclusion is obvious. The statements of *Leonard* are his own statements, not the statements of the defendant, and the plaintiff was not, therefore, authorized to rely upon them. The demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Bradley* and *Woodward*, for the appellants.

*M. K. Farrand*, for the appellee.