## WINDLE *v.* CANADAY *et al.*

ESTOPPEL.—Representations, by the payer of a note, that it is valid, and he has no defence against it, made to a purchaser of such note after he has become the owner thereof, do not operate as an estoppel against the payer, nor can such representations, repeated by the purchaser thereof to any person to whom he may sell the same, have such effect in favor of such second purchaser.

APPEAL from the *Henry* Common Pleas.

HANNA, J.—Suit on a note. Answer, among other things, that the note was given in part consideration for the purchase of a patent right, &c., concerning the utility and value of which certain representations were made, which are specifically set forth, and alleged to have been false and fraudulent. Reply to that part of the answer above noticed that, before the purchase of the note by the plaintiffs, said defendants stated to one *Cook,* he being at that time the owner of the note, that it was valid and he had no defence to make to the same, &c., which statement said *Cook* repeated to the plaintiffs at and before they purchased.

The complaint shows the note was payable to one *Newbrough,* who assigned it to *Cook,* and he to the plaintiffs.

A demurrer to the reply was overruled, which presents the only point in the case. The ruling was erroneous. The statement made by *Windle* to *Cook,* after the latter had become the owner of the note, could not have influenced him in purchasing the same, and therefore there was nothing to rest an estoppel upon. As the maker made no statement to the plaintiffs calculated to influence them in acquiring title to the note, he is not estopped by this statement to a third person from setting up a defence. *Jones* v. *Dorr,* 19 Ind. 384. If *Cook* had been in a position to enforce the collection of the note, because of an estoppel based upon representations made by the maker before *Cook* became the holder thereof, we do

not decide that he could not have transferred a clear title to an assignee; but that point is not before us. See *Ray* v. *McMurtry*, 20 Ind. 308.

The demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*James Brown*, for the appellant.

*Wm. F. Walker*, for the appellees.