DAVIDSON *v.* KING ET AL.

CONTRACT.— *Subsequent Security.*—*Consideration.*—The indorsement of a note by one not a party to it, and the execution of a mortgage by the indorser to secure the note, must have a new consideration, if the indorsement be made and the mortgage be executed after the making of the note; but if they be contemporaneous with the making of the note, the consideration for the note is sufficient.

SAME.— *Proceeding to Review Judgment.*—Where a person so endorsed a note and executed a mortgage to secure it after the making of the note, and the mortgage was afterwards foreclosed, a complaint to review the judgment of foreclosure for alleged newly-discovered matter, such matter being that no consideration for the indorsement and mortgage moved to the maker or to the indorser and mortgagor, was bad, because said indorser and mortgagor must be regarded as having at all times known that no consideration moved to him, and the papers not showing any consideration for the indorsement and mortgage as between the payee and maker, other than the original consideration for the note, the indorser and mortgagor was thereby put upon inquiry, and required to make such defence, if it existed, in the original action.

REVIEW OF JUDGMENT.—*Exception.*— *Waiver.*—Where a judgment has been taken against a defendant, not by default upon his failure to appear, but where he has appeared and answered, he cannot, in a proceeding by him to review the judgment, present, as ground for review, error of law, to which no exception was taken by him, except where the error is one not waived by failure to except.

From the Marion Civil Circuit Court.

*Claypool, Mitchell & Ketcham* and *Baker, Hord & Hendricks,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellees.

WORDEN, J.—On October 1st and 15th, 1867, Noah N. Davidson executed certain promissory notes to Samuel C. Vance, and afterwards the appellant herein, Susan L. Davidson, endorsed the notes, and on March 31st, 1868, executed a mortgage on certain real estate to Vance, to secure the payment of the notes.

Afterwards, an action was brought by Vance in the Marion Court of Common Pleas to foreclose the mortgage against Noah N. and the said Susan L. Davidson, to which they appeared and pleaded, and such proceedings were had

therein as that judgment of foreclosure was rendered, and the property ordered to be sold. The judgment was afterwards assigned to the appellee King, who caused execution to be issued, on which he has purchased the property.

The action now in judgment was brought by the appellant against said Samuel C. Vance, Noah N. Davidson and the said King, to review the proceedings in the former action both for errors of law and newly-discovered matter. The complaint consisted of two paragraphs, the one alleging the supposed errors of law, and the other the new matter.

King demurred to each paragraph for want of sufficient facts, and the demurrer was sustained. The plaintiff electing to abide by the complaint, final judgment was rendered for the defendants. The errors assigned bring in review the rulings on the demurrer.

We need not set out the errors of law assigned upon the proceedings sought to be reviewed, as no exception whatever was taken in those proceedings. It has been held in numerous cases that, in order to present any ground of review for error of law, exception must have been taken to the ruling supposed to have been erroneous. *Train* v. *Gridley*, 36 Ind. 241, and authorities there cited. This rule of course does not apply to cases in which the error is not waived by failing to except, as where the complaint does not state any cause of action, or the court has no jurisdiction over the subject of the action. *Davis* v. *Perry*, 41 Ind. 305. The errors assigned here are all of the class that are waived by failing to except. An exception has also been made to the rule where the judgment was taken by default, the defendants not appearing to the action, as in *Davidson* v. *King*, 49 Ind. 338. Here, however, the appellant, as has been stated, appeared and pleaded to the action in the case sought to be reviewed.

The new matters are stated as follows:

"Plaintiff says that she executed said endorsement of said notes and said mortgage, without any consideration what-

ever, which fact was well known to said Vance and said King, and that since the rendition of said judgment and entering of said decree of foreclosure, she has discovered material new matter, constituting a good and sufficient defence to said action, which she asks to be allowed to set up in bar of said action; that the said new matter which she asks to set up in bar of said action is this: that there was no consideration whatever moving from said Vance, the plaintiff, to her or said Noah N., or to any one; that there was no consideration, either good or valuable, from any one to any one, for her said endorsement or for the execution of said mortgage; that each and every one of said notes was executed by the said Noah N. Davidson, at the time when they appear to have been executed, to wit, on the 1st and 15th of October, 1867; that she executed said endorsement and mortgage long afterwards, to wit, on the 31st day of March, 1868; that at the time of the execution of said endorsement and mortgage, whatever indebtedness existed from said Noah N. to said Vance had already been contracted, and said contract closed, and that no new contract between said parties was made, and her said execution was wholly *nudum pactum;* of all of which she was ignorant at the time, being in Virginia, absent from her home, and had no opportunity to inquire or learn what was the consideration thereof, but being inexperienced in business matters, having just arrived at the age of twenty-one years, executed the same upon the solicitation of said Vance and said Noah N. She further says that when said suit was instituted, she made diligent inquiry of said Noah N. and others concerning any defence that they, or either of them, might have to said action, and concerning the circumstances attending the execution of said endorsement and mortgage, and had frequent interviews with her attorney and said Noah N. and others touching her defence in said cause, but was unable to discover any other or better defence than as hereinbefore set out in said cause; that the said Vance and the said Noah N. wholly concealed and kept from her the fact that said

endorsement and mortgage were without consideration. She says that she has only discovered said fact since the commencement of the April term of said court of common pleas for the year 1871, and that her said action herein was commenced immediately upon said discovery, and at the first term of said court next ensuing after the discovery of the fact; wherefore," etc.

These allegations do not show any want of consideration for which the notes were originally given by Noah N. Davidson to Vance. But they show clearly enough that there was no consideration moving from Vance either to the appellant or to Noah N. for the endorsement of the notes by the appellant or the execution by her of the mortgage. This was done by her some months after the execution of the notes by Noah N. to Vance.

The appellant must be regarded as having known, at all times since the execution by her of the contracts of endorsement and mortgage, that no consideration moved to her therefor.

We do not understand her averments as negativing such knowledge. But she avers that at the time of the execution of her contracts, and until after the cause sought to be reviewed had been tried, she was ignorant of the fact that no consideration moved from Vance to Noah N., the maker of the notes.

There can be no doubt that if these allegations are true in point of fact, the appellant might have successfully defended the original action.

Says Mr. Parsons, "Although the promise to pay the debt of another be in writing, it is nevertheless of no force unless founded upon a consideration. It is itself a distinct contract, and must rest upon its own consideration; but this consideration may be the same with that on which the original debt is founded, for which the guarantor is liable. The rule of law is this: if the original debt or obligation is already incurred or undertaken previous to the collateral undertaking, then there must be a new and distinct consider-

ation to sustain the guaranty. But if the original debt or obligation be founded upon a good consideration, and at the time when it is incurred or undertaken, or before that time, the guaranty is given and received, and enters into the inducement for giving credit or supplying goods, then the consideration for which the original debt is incurred is regarded as a consideration also for the guaranty." 2 Parsons Con., 6th ed., p. 6. See, also, *Bingham* v. *Kimball*, 17 Ind. 396.

Doubtless, a valid consideration moving from Vance to the maker of the notes would have supported the contracts of the appellant, such as giving further time for the payment, or the like. *Bingham* v. *Kimball*, above cited; 2 Am. L. Cas., 5th ed., 206.

A review for newly-discovered matter can be had only where the new matter could not have been discovered before judgment by reasonable diligence. 2 G.& H. 280, sec. 588.

The gist of the new matter here alleged to have been discovered is, that there was no consideration moving from Vance to Noah N., for, as we have seen, the appellant must have known that there was none moving to her.

In looking to the notes and mortgage, which are contained in the record, we find there is no stipulation by which Noah N. obtained any advantage whatever, while Vance obtained the additional security. None of the notes were due when the mortgage was given, nor was the time of payment extended.

The mortgage recites, that the appellant had endorsed the notes as the "security" for the said Noah N. Davidson, and is conditioned for the payment of them when they should respectively become due.

We must suppose that the appellant knew the contents of the instruments executed by her. There was nothing in the papers signed by her that in any way suggested that there was any consideration for her agreements other than the original consideration for the notes. While there might have been a new consideration, not expressed in the written

instruments, yet the absence of anything in the contracts on the subject was sufficient to indicate to a reasonably prudent person that there probably was not, and to require him to make the defence at the proper time. The appellant knew that no consideration had passed to her, and she had no reason to suppose, from the face of the papers, that any new consideration had passed to her principal. It may be that she could get no information on the subject from either Vance or Noah N.; but the face of the papers sufficiently pointed to a want of consideration to require her, in the exercise of reasonable diligence, to make the defence.

We are of opinion, for these reasons, that no ground of review was shown, either for errors of law or for newly-discovered matter, and hence that the demurrers were correctly sustained.

The judgment below is affirmed, with costs.