CROSSAN ET AL. *v.* MAY.

PROMISSORY NOTE.—*Subsequent Surety.—Contract.—Consideration.*—Where A. has signed a promissory note, not governed by the law merchant, after it has been executed by the original maker, accepted by the payee, and the contract evidenced by the note completely executed, without any new consideration, he is not bound thereon.

SAME.—*Estoppel.—Admission.*—In such case a statement made by A. to an endorsee of the note, after its purchase, that such note is all right, can not estop him to set up the defence, nor, viewed as an admission, make him liable upon the note.

SAME.—*Law Merchant.*—In order to place a note upon the footing of bills of exchange, it should show on its face that it is payable at or in a bank ; and, unless it does so, averment and proof that the place named for payment is a bank, will not place the paper upon the footing of bills of exchange.

From the Blackford Circuit Court.

*W. H. Carroll*, *M. Frash*, *W. A. Bonham* and *J. Cantwell*, for appellants.

*W. March*, for appellee.

WORDEN, J.—The appellee, May, as the endorsee of Ransom & Bro., brought this action against James W. Powell, James M. Powell, Elliott Crossan and John McGeath, upon a promissory note purporting to have been executed ·by the persons above named as defendants. The note was payable to "Ransom & Bro. or order, at their office in Hartford City, Indiana," and it was averred in the complaint that "said office was a regular banking office, doing a banking business under the banking law of the State of Indiana."

The two Powells made default. Crossan and McGeath each answered separately, stating that each signed the note after it had been executed by the Powells and accepted by Ransom & Bro., and that as to each there was no consideration for the execution thereof. Reply in denial; trial by the court; finding and judgment for the plaintiff.

Crossan and McGeath appeal, the Powells not joining therein.

The evidence is in the record, from which it appears to us that the answers of Crossan and McGeath were established.

The note, it appears, had been executed by the Powells to one Norville for some property sold by him to· one of the Powells, but was made payable to Ransom & Bro., who had no interest in it. The inference is that the note was given concurrently with the sale of the property. After it had been thus given, while it was in the hands of Norville, and without any new consideration having passed, the names of Crossan and McGeath were appended to it, and it was endorsed in blank by Ransom & Bro. to the plaintiff.

Upon these facts, the appellants can not be held liable upon the note. The consideration for which the note was originally given by the Powells, their contract evidenced by the note having been completely .executed, was not a sufficient consideration for the subsequent execution of the

note by the appellants. *Bingham* v. *Kimball*, 17 Ind. 396; *Tousey* v. *Taw*, 19 Ind. 212; *Davidson* v. *King*, 51 Ind. 224.

The plaintiff testified, as we understand the evidence, that, after he had purchased the note, McGeath told him it was all right. This statement, made after the purchase of the note by the plaintiff, can not estop McGeath to set up the defence, as the purchase was not made on the faith of the statement. *Jones* v. *Dorr*, 19 Ind. 384; *Windle* v. *Canaday*, 21 Ind. 248. Nor can the mere statement of McGeath, viewed as an admission, obviate the force of the uncontradicted facts above stated.

But it is insisted by counsel for the appellee that the note was governed by the law merchant, and, therefore, that the appellants could not set up the defence to it against an innocent holder, and we presume this may have been the theory on which the case was decided below.

"Notes payable to order or bearer in a bank in this State" only are put upon the footing of bills of exchange. 1 R. S. 1876, p. 636, sec. 6.

In *Walker* v. *Woollen*, 54 Ind. 164, it was held that where a note was made payable at a named bank, in a place named, but without naming the state, it would be presumed that the bank was in the State, rather than out of it, and that the paper was governed by the law merchant. But the case before us is entirely different. There is nothing on the face of the note here to indicate that it is payable at or in any bank at all.

The office of Ransom & Bro. in Hartford City, Indiana, may have been a banking or any other kind of an office, so far as any information is derived from the face of the note. If it could be shown by averment and proof that the office mentioned was a bank, and if, upon such showing, the note were held to be governed by the law merchant, then it must be held that a note may be governed by the law merchant, or by that system that pertains to

notes not governed by the law merchant, as facts might be developed not appearing upon the face of the note.

We are not willing to adopt a rule of construction that would lead to such uncertainty. The law ought to be, and such we think it is, that the purchaser of a note, when he buys it, may know whether it is governed by the law merchant or otherwise. This he could not know if, the question depended upon extrinsic facts not appearing on the face of the note. It seems to us, therefore, that, in order to place a note upon the footing of bills of exchange, it should show on its face that it is payable at or in a bank, and that, unless it does so, averment and proof that the place named for payment is a bank will not place the paper upon the footing of bills of exchange.

The counsel for the appellee has cited the case of *Gordon* v. *Montgomery*, 19 Ind. 110, in which it was held that a note payable at the office of the Ohio Insurance Company was governed by the law merchant. It was so held because the Ohio Insurance Company was a bank established by that name by a public law, of which the court took judicial notice. The case is not at all in point here.

The judgment below, as against the appellants herein, is reversed, with costs, and the cause remanded for a new trial.

Petition for a rehearing overruled.