Bridges, Administrator, *v.* Blake *et al.*

No. 12,581.

## BRIDGES, ADMINISTRATOR, *v.* BLAKE ET AL.

MORTGAGE.—*Pre-Existing Debt.* ·*Consideration.*—*Husband and Wife.*—*Married Woman.*—*Suretyship.*—A mortgage executed by a husband and wife, upon the separate property of the latter, to secure an overdue debt on which the husband was liable as surety only, and without any other consideration, is invalid, although executed at a time when it was competent for a married woman to encumber her property for the debt of a third person.

SAME.—*Principal and Surety.*—*Statute of Limitations.*—The extinguishment of the engagement of the principal, however accomplished, releases the surety from liability, and if the debt of the former is barred by the statute of limitations, a mortgage given by the surety to secure it is not enforceable, although not barred.

SAME.—*When Mortgage Enforceable After Debt is Barred.*—*Promissory Note.*— To continue a mortgage in force as an independent original undertaking, notwithstanding the debt it is given to secure is barred, by reason of an agreement therein to pay the debt, such agreement must be made upon an adequate consideration. If the mortgage be to secure overdue notes of a third person, upon which the owner of the property is not liable, the consideration is not sufficient.

From the Marion Superior Court.

*S. Claypool, W. A. Ketcham* and *J. N. Sims,* for appellant.
*N. B. Taylor, F. Rand, E. Taylor* and *J. M. Winters,* for appellees.

MITCHELL, J.—Bridges, as administrator of the estate of esse Blake, deceased, commenced this suit against William M. and Mary E. Blake, to foreclose a mortgage executed by the latter to the plaintiff's intestate in 1863. The mortgage was given to secure one note of $1,312, dated December 24th, 1855, due one day after date, payable to Jesse Blake by James Blake as principal, and James M. Ray and William M. Blake as sureties; also, one note for $600, dated May 21st, 1855, payable to Jesse Blake by James Blake.

The second paragraph of the separate answer of Mrs. Blake alleged, in substance, that the property mortgaged was her separate estate.

It was also averred that the notes secured by the mortgage

were for the debts of James Blake, upon one of which notes her husband was bound with James M. Ray as surety; that both notes secured by the mortgage were for pre-existing debts of James Blake, for which she was in no manner liable, and that there was no new consideration, either to her or to the makers of the notes, for the execution of the mortgage.

The sixth paragraph of the joint answer of William M. and Mary E. Blake presents substantially the same question as the separate answer above referred to.

From these answers it appears that the debts which the mortgage was given to secure, had been incurred by James Blake some eight years before the mortgage was executed. The mortgage was upon the separate property of Mrs. Blake, and in her answer it is averred that there was no new consideration for its execution. This was a good answer. While it is true, as is contended, that at the time the mortgage in question was executed, it was competent for a married woman to encumber her separate property for the debt of a third person, it was nevertheless necessary that there should have been a valid consideration for the mortgage. Because her husband was surety for the debt which the mortgage was given to secure, did not dispense with the necessity for an adequate consideration. Contracts of suretyship, like all others, must have sufficient consideration for their support. The consideration may be the credit originally given to the principal, but if the contract between the creditor and principal has been fully consummated, and the debt for which the surety is to be bound has already been incurred, then, in order to the validity of a contract of suretyship, subsequently entered into, a new and distinct consideration must appear. *Davidson* v. *King*, 51 Ind. 224; *Crossan* v. *May*, 68 Ind. 242; *Favorite* v. *Stidham*, 84 Ind. 423; Jones Mort., sec. 615.

It is said that it does not appear in the joint answer of Blake and wife, which of the two owned the property at the time the mortgage was made. However this may be, it does appear that the mortgage was made to secure the pre-existing

debt of James Blake, upon which William M. Blake was bound as surety only, and that, there was no new consideration for the mortgage. That being the case, it was a sufficient answer for both.

A pre-existing debt may be a sufficient consideration as between the principal and his creditor to support a mortgage executed by the principal debtor, but where one who is bound only as surety, executes a mortgage to secure the pre-existing debt of a third person, upon which he is already bound, it is essential to the validity of such mortgage that a new consideration should be shown.

In such a case, giving a mortgage is a new contract of suretyship, and this new contract requires a new and distinct consideration to support it, in the same sense that the original contract did. Brandt Suretyship, etc., sections 9-21 ; *Bingham* v. *Kimball,* 17 Ind. 396 ; *Starr* v. *Earle,* 43 Ind. 478 ; *Clodfelter* v. *Hulett,* 72 Ind. 137.

There was no error in sustaining the demurrers to the second and sixth paragraphs of the reply. The facts pleaded in these replies tended to show a consideration for the execution of the mortgage. There were other paragraphs under which all the facts relating to that subject were provable.

We are asked to review the evidence and reverse the judgment for the reason, as it is said, that it does not sustain the finding of the court.

On behalf of the appellees, it was claimed that the mortgage debt was paid by the principal debtor, and that, for the reasons already referred to, there was no consideration for the execution of the mortgage. The only evidence introduced by the defendants, relating to either subject, was the notes and mortgage, and a deed showing the title to the mortgaged property to be in Mrs. Blake.

The argument here is that because the debt secured by the mortgage fell due in 1855, more than twenty years before the suit was commenced, a presumption had arisen that it was paid, and that because the debt was barred as to the princi-

pal debtor, the sureties were necessarily discharged, notwithstanding the mortgage was given less than twenty years before the beginning of the suit.

Assuming that the mortgage in suit was given upon a new and adequate consideration, it was nevertheless given solely as a collateral security for the payment of the notes therein described. These notes were not given for the debts of the mortgagors; they were the obligations of a third person, to which the mortgage was collateral. When the principal debt was discharged, the security created by the mortgage was at an end. A collateral obligation can not exist after the original to which it is collateral is discharged.

Upon its face the mortgage purported to be a contract of suretyship, and the general rule is that to enforce such a contract it is essential that the obligation against the principal must be subsisting. The extinguishment of the direct engagement of the principal, no matter how accomplished, extinguishes the collateral liability of the surety. *Baker* v. *Merriam*, 97 Ind. 539, and cases cited; *State* v. *Blake*, 2 Ohio St. 147; Brandt Suretyship, etc., section 121.

There being no longer a subsisting debt, to which the mortgage is collateral, the office of the mortgage is performed, unless it can be maintained on foot as an independent security. *Sage* v. *Strong*, 40 Wis. 575; *Boschert* v. *Brown*, 72 Pa. St. 372.

If from lapse of time the presumption was to be indulged that the notes secured by the mortgage had been paid, then, although the mortgage itself may not have been barred by the statute of limitations, it became *functus officio* as completely as though the notes had actually been paid.

That which the law presumes is established with as much efficiency as if it had been actually proved.

This leads to a further consideration of the mortgage. By an express stipulation therein written the mortgagors contracted to pay the debt which it was given to secure. If this covenant was upon an adequate consideration, it might be re-

garded as having had the effect to continue the mortgage in force, as an independent original undertaking, for twenty years from its date, the statutory period of limitation. *Catterlin* v. *Armstrong*, 79 Ind. 514.

Necessarily, therefore, whether the presumption of payment of the principal obligation, which arises from lapse of time, shall be allowed to effect a discharge of the mortgage security, must depend upon whether a consideration appears for the covenant above referred to. If the stipulation to pay the mortgage debt, which is written in the mortgage, was upon an adequate consideration, it became a valid contract, which could only be barred by the lapse of twenty years.

We inquire next, upon what consideration was it made to appear that the mortgage was executed? It was recited in the instrument that it was given by William M. Blake and Mary E., his wife, to secure a pre-existing debt then long past due. It also appeared that William M. Blake was a surety on one of the notes which it was given to secure. As to the other, the $600 note, he was in no way liable upon it, and Mrs. Blake, whose property was mortgaged, was not liable on either of the notes mentioned in the mortgage.

Where nothing appears to the contrary, it will be presumed that a written contract for the payment of money was made upon a sufficient consideration. Where, however, a contract assumes to recite the consideration upon which it was made, that recital will be presumed to be the whole until the contrary appears.

It affirmatively appeared on the face of the mortgage that the consideration upon which it was given, was to secure certain overdue notes, upon which the owner of the mortgaged property was in no way liable. Presumptively, this was the whole consideration. If there was any other it was incumbent on the plaintiff to show it.

Where a mortgage given by a third person shows upon its face that the only consideration, upon which it was given, was to secure the payment of an overdue debt of another, the

creation of which did not induce the execution of the mort-gage, it is necessary in order to render such a mortgage available, that it be shown that there was some consideration outside of that recited, or it will be a *nudum pactum.* *Bingham* v. *Kimball, supra.*

In conclusion it may be observed, the evidence showed a mortgage executed in 1863, which recited that it was given to secure a debt which had matured eight years before. The consideration of the mortgage was to secure the payment of the pre-existing debt therein described without anything more. At the time suit was commenced, the law raised a presumption that the debt had been paid and the sureties discharged. This extinguished the mortgage, unless the stipulation therein contained by which the mortgagors agreed to pay the debt continued it in force as to them as their personal obligation after it was presumptively paid by the principal debtor. As, however, a promise to pay the pre-existing debt of a third person, without a new and distinct consideration, is invalid, and as this is the only consideration which appears upon the face of a contract which assumes to recite the consideration upon which it is made, it will be presumed that no other existed, and thus the conclusion follows that the finding of the court is sustained by the evidence.

Judgment affirmed, with costs.

Filed May 12, 1886.