Daugherty *et al. v.* Wheeler.

for the return of the appellant to the sheriff of Crawford county.

Filed Oct. 16, 1890.

---

No. 14,390.

## DAUGHERTY ET AL. *v.* WHEELER.

LIMITATION OF ACTIONS.—*Conveyance of Real Estate.*—*Conditional Oral Agreement to Reconvey.*—*Foreclosure of Equity of Redemption.*—*Six Years' Statute of Limitations.*—*Inapplicability of.*—Land owned by D. and wife as tenants by the entireties was conveyed by them, by a warranty deed absolute on its face, to K., a surety for the husband. K. orally agreed at the time of said conveyance that the grantors should remain in possession and enjoy the rents and profits of the farm; that he would pay the debt for which he was jointly bound with D., as surety, and any other debts or claims constituting encumbrances on the land, and keep the farm free from encumbrances. D. was to have a reasonable time within which to repay K. for the moneys thus paid, and to be paid, and upon the reimbursement of K. within a reasonable time, with interest and expenses, the land was to be reconveyed. In case K. was not repaid within a reasonable time he was to sell the land, if it could be sold for a sum in excess of the amount due, and account to the grantors for the balance. K. was never repaid, and he was unable to sell the land for a sum sufficient to reimburse himself. He subsequently assigned his claims against D. and wife, and conveyed the land to W., who had knowledge of the conditions upon which the deed to K. was made.

*Held,* that an action to foreclose the equity of redemption of D. and wife was not barred by the six years' statute of limitations.

SAME.—*Conveyance of Real Estate.*—*Security for Debt.*—*Reasonable Time for Repayment.*—*When Statute Begins to Run.*—Where the title to real estate is transferred to the grantee, not merely as security for a debt, but upon an agreement that the grantee will pay other debts for the grantor, and extend a reasonable credit for the sums paid, as well as for those to be paid in the future, and upon a certain contingency sell and convey the land, absolutely, to a purchaser, the six years' statute of limitations will not apply until this agreement is disavowed by unequivocal acts or words on the part of one or the other.

SAME.—*Extension of Reasonable Credit.*—*When Statute Begins to Run.*—*Demand or Notice within Statutory Period.*—*When Unnecessary.*—A creditor, who, for a valuable consideration, stipulates to extend a rea-

sonable credit, must, in order to complete or perfect his cause of action, make a demand for payment, or give reasonable notice of his purpose to terminate the arrangement and enforce his claim, and the statute of limitations does not begin to run until the creditor takes some preliminary action, equivalent to a demand or notice, or until the law conclusively presumes that preliminary action of the character required has been taken. Where a speedy demand or notice to pay would manifestly violate the intent and purpose of the contract, or where delay in making the demand was contemplated by the express terms of the contract, a demand need not be made within the statutory period.

From the Fulton Circuit Court.

*G. W. Holman, R. C. Stephenson, M. R. Smith* and *E. Myers,* for appellants.

*J. S. Slick* and *S. Keith,* for appellee.

MITCHELL, J.—The only question involved in this appeal is whether or not the right of action is barred by the six years' statute of limitations.

The facts are, that prior to the 12th day of September, 1877, Sydney Keith had become bound as surety for Ephraim Daugherty, the debt had fallen due, and a judgment had been recovered against both principal and surety in the Fulton Circuit Court. Daugherty's land had previously been sold for delinquent taxes, and some of it had been sold on execution, the time for redemption not yet having expired, and in order to save himself, Keith, with the knowledge and consent of Daugherty, had paid off some other liens on the land. Daugherty had nothing available for the payment of his debts except the land described in the complaint, which was of the alleged value of thirty-five hundred dollars, and was owned by himself and wife as tenants by the entireties. On the date above mentioned Daugherty and wife conveyed the land to Keith by a warranty deed, absolute on its face, but contemporaneously with the execution of the deed it was orally agreed by Keith that the grantors should remain in possession and enjoy the rents and profits of the farm, that he should pay the debt for which he was

jointly bound with Daugherty as surety, and any other debts or claims constituting encumbrances on the land, and keep the farm free from encumbrances. It was a part of the agreement that Daugherty should have a reasonable time within which to repay Keith for the moneys thus paid, and to be paid, and if the former within a reasonable time reimbursed the latter for the money paid, with interest and expenses, the land was to be reconveyed. In case Keith was not repaid within a reasonable time, he was to sell the land, provided it could be sold for a sum in excess of the amount due him, and account to the grantors for the balance. Under this arrangement Keith paid out about $2,600, exclusive of interest, on Daugherty's debts. The sums paid by Keith were never repaid, nor was the latter able to sell the land for a sum sufficient to reimburse himself. He subsequently assigned his claims against Daugherty, and conveyed the land to Wheeler, the latter having knowledge of the conditions upon which the deed to Keith was made.

This suit, which was to foreclose the equity of redemption of Daugherty and wife in the land, was not instituted until the 10th day of May, 1887, after the lapse of more than six years from the time Keith paid the several claims for Daugherty.

On appellant's behalf it is insisted that the transaction between the parties constituted the deed from Daugherty and wife to Keith a mortgage, to indemnify the latter against loss on account of the several sums paid by him, that a right of action accrued in his favor immediately upon making the several payments, and that since a period of more than six years has elapsed, the right to maintain the action has been barred.

It is undoubtedly true that where a mortgage is taken in a transaction between the parties, so as to constitute a mere security for the payment of a debt, without creating any relations of trust, where the debt is barred by the statute applicable to the class of debts to which it belongs, the lien of the mortgage ceases to be effective. *Lilly* v. *Dunn,* 96

Ind. 220 ; *Arbogast* v. *Hays,* 98 Ind. 26 ; *Bridges* v. *Blake,* 106 Ind. 332 ; *Post* v. *Losey,* 111 Ind. 74.

It may be doubted, however, whether the rule which governs in the case of a mortgage which, upon its face, shows that it was given merely as a security for a debt, would be applicable in a case like the present, where it appears by a parol agreement, which is relied on to convert an absolute deed into a mortgage, that the title was conveyed to the grantee not only as a security, but upon certain specific trusts. The right to foreclose and the right to redeem are ordinarily reciprocal rights. If the right of the mortgagee to foreclose is barred, so also is the right of the mortgagor to redeem, for it must, of necessity, be true that the right of the one to enforce redemption of his title can only be coterminous with that of the other to foreclose and bar the right and equity of redemption. Lewin Trusts, 868 ; Jones Mortgages, sections 1146, 1159.

Thus it has been held, where a deed, absolute on its face, was, as a matter of fact, delivered upon an agreement that the grantee would reconvey the land to the grantor upon being paid certain sums, the grantee could not, upon being paid, set up the statute of limitations as a bar to a suit to enforce a reconveyance, unless he had, within that statutory period, prior to the bringing of the suit, repudiated or disavowed the trust. *Neyland* v. *Bendy,* 69 Tex. 711.

Before the statute begins to run, in such a case, there must be a disclaimer of the trust, and notice thereof to the person to be affected. *Flynn* v. *Lee,* 31 W. Va. 487.

The cases relied on proceed upon the correct assumption that a mortgage to secure a debt creates a mere lien on the land ; that it in no way affects the title, and that when the debt is, for any reason, extinguished, either by payment or lapse of time, the lien is also gone, extinguished. Conceding that the conveyance, coupled with the facts disclosed, left in the grantor a redeemable estate, it created more than a mere lien on the land. The title was transferred to the grantee,

not merely as security for a debt, but upon an agreement that the grantee would pay other debts for the grantor, and extend a reasonable credit for the sums paid, as well as for those to be paid in the future, and, upon a certain contingency, sell and convey the land, absolutely, to a purchaser. Until this agreement was disavowed by unequivocal acts, or words, on the part of one or the other, the six years' statute, to say the least, would not apply.

Eliminating from the case any element of a trust relation between the parties, and considering the case as between mortgagor and mortgagee merely, the result would be that the statute of limitations was not well pleaded. The parol agreement which gives the transaction the character of a mortgage, shows that part of the consideration for the mortgage was the agreement to extend the time for the repayment of the several sums paid, and to be, paid, by the mortgagee a reasonable time. A reasonable extension of credit was contemplated by the contract, and was part of the consideration upon which the transaction rested. The appellants can not, therefore, be heard to say in a court of equity, which acts or refuses to act in analogy to the statute of limitations, that his creditor is prosecuting a stale claim when the latter has done nothing more than to observe his agreement. Surely, the creditor could not have turned round in the face of his agreement and instituted a suit to foreclose the mortgage the next day after it was given. The statute of limitations would not begin to run against the debt until after the lapse of a reasonable time. As what is a reasonable time is not always easily defined, the law requires that the creditor shall take the initiatory steps necessary to complete his right of action within the statutory period. A creditor who for a valuable consideration stipulates to extend a reasonable credit, must, in order to complete or perfect his cause of action, make a demand for payment or give reasonable notice of his purpose to terminate the arrangement and enforce his claim, and the statute does

not begin to run until the creditor takes some preliminary action equivalent to a demand or notice, or until the law conclusively presumes that preliminary action of the character required has been taken. *High* v. *Board, etc.,* 92 Ind. 580, and cases cited; *Atchison, etc., R. R. Co.* v. *Burlingame Tp.,* 36 Kan. 628; *Palmer* v. *Palmer,* 36 Mich. 487 (24 Am. Rep. 605); 13 Am. & Eng. Encyc. of Law, 726–727.

There is a class of cases in which it is held that if an act on the part of a creditor, such as demand or notice, be necessary to complete the cause of action, demand must be made or notice given within the statutory period, and some cases hold that if the plaintiff is not shown to have made a demand within the statutory period for bringing the action, he will not lose his right, but will be presumed to have taken such preliminary steps as were necessary to complete the action at the expiration of the statutory period of limitation. *Keithler* v. *Foster,* 22 Ohio. St. 27.

All the cases hold, however, that where a speedy demand or notice to pay would manifestly violate the intent and purpose of the contract, or where delay in making the demand was contemplated by the express terms of the contract, a demand need not be made within the statutory period.

Within the rule laid down in all the cases, the debt was not barred in the present case, and the statute of limitations was not well pleaded.

To the extent that the court rendered personal judgment against Margaret Daugherty, and to the extent that the judgment was rendered collectible without relief from valuation and appraisement laws, it should be modified, otherwise affirmed, at the costs of the appellee. Court below ordered to modify judgment on facts found in consonance with this opinion.

Filed Oct. 16, 1890.