Argued July 16, modified and remanded with directions
July 29, 1970, petition for rehearing denied
September 9, 1970

## VAN DE WIELE ET AL, *Appellants, v.*
## KOCH ET UX, *Respondents.*

472 P2d 803

*John A. Bryan,* Salem, argued the cause for appellants. With him on the briefs were DeArmond, Sherman & Barber, Salem.

*Steve Anderson,* Salem, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and SLOAN,[*] HOLMAN and HOWELL, Justices.

HOLMAN, J.

This was an action in which plaintiffs sought to recover from defendants the balance of $4,449.37 on a charge account for groceries sold by plaintiffs to defendants. The case was tried by the court without a jury and a judgment was rendered in favor of plaintiffs for only those charges incurred within the six years next preceding the filing of the action. Plain-

---

[*] Sloan, J., did not participate in this decision.

tiffs appealed. The only issue is the application of the statute of limitations to purchases made more than six years prior to the action.

The evidence shows a continuous record of credit purchases from 1951 through January 12, 1963, although defendants had been customers of plaintiffs since 1937. The present action was commenced January 9, 1969. All payments were credited to the balance of the account rather than to specific purchases. For a period of four months in 1951 the account showed a credit balance in favor of defendants as the result of one advance payment made by them on their account. Usually, the account was paid monthly until November of 1959, at which time it was current. In 1959, because of financial difficulties, defendants requested and received credit for a greater period of time and in return therefor agreed to pay interest on the unpaid balance of the account. Neither the length of time during which credit was to be extended without payment nor the amount of credit was specified. Subsequent to November 1959 groceries were purchased continuously by defendants until January 12, 1963, but during that time only one payment was made. This payment was $2,500 and was made in January of 1962, more than six years prior to the commencement of the action. At the time of this payment, the account was approximately $4,350. There is no evidence of any demand for payment from November 1959 to the termination of purchases, but statements showing the balance were sent every two to three months.

Plaintiffs' contention is that the statute of limitations ran on the entire account from the last purchase rather than on each purchase from the time it was made. The trial court held to the contrary. Plaintiffs

urge that their action falls within the purview of ORS 12.090, which provides as follows:

"In an action to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side; but whenever a period of more than one year shall elapse between any of a series of items or demands, they are not to be deemed such an account."

■ It is our opinion that the account was not the kind of account contemplated by the statute. A mutual account is usually considered to be one in which each party to the account has extended credit to the other and in which there have been reciprocal demands by the parties. *See* cases compiled in Annot., 1 ALR 1060 at 1066. We recognize that there is a minority of courts which hold that the making of payments on an account is sufficient to make the account mutual. *See* cases 1 ALR 1060 at 1069. However, the wording of the Oregon statute which requires "reciprocal demands" indicates that the legislature intended other than that held by the minority. 6 Williston on Contracts § 2030, 5695-97 (rev ed 1938) states:

"Where there is a mutual account between the parties with items of credit and debit for each party, the Statute will run only from the date of the last item of the account, though an action might have been maintained on any of the items separately. This rule, which was adopted by the courts of the United States from early decisions in England, has been abolished by statute in the latter country. In the United States, however, the rule has often been incorporated into the local statutes; * * * it is generally held essential, in order to constitute such an account as shall fall within the principle in question, that there shall be mutual

open, current dealings and claims subject to a future final balance. A payment, therefore, given and received as partial discharge of an account for goods or services does not make the account mutual; it merely diminishes the amount due on a one-sided account \* \* \*." (footnotes omitted.)

■ Plaintiffs assert that because at one time defendants made a prepayment on the account which created a credit balance in their favor for four months, the account was mutual. We hold that such a single prepayment is insufficient to make the account mutual. Such prepayment was not intended as an extension of credit by defendants to plaintiffs nor did it, in our opinion, constitute a basis for what is contemplated as a reciprocal demand.

■■ However, there is a different reason why the statute of limitations should not commence to run on the account until the date of the last purchase. Originally, a monthly account had been created whereby defendants were obligated to pay at the end of each month for groceries purchased during that month. As a result, the statute of limitations ran from the end of each month on purchases made during that month. It is apparent from the facts, however, that this monthly extension of credit was changed by agreement in 1959 into a longer, indefinite term of credit. Under such an arrangement, no obligation would occur on the part of defendants to make payment *at any particular time* until plaintiffs requested payment or terminated further credit, or an unreasonable period of time elapsed. The record discloses neither a request for any payment nor the termination of further credit by notice or other affirmative action, at least, not until January 12, 1963, when the purchases stopped. In the absence of any kind of notice or of an elapse of an unreasonable period of

time, the obligation to commence payment could have been no sooner than the time of the last purchase. While the facts of *Daugherty et ux v. Wheeler*, 125 Ind 421, 25 NE 542 (1890) are somewhat different, the following language from the opinion is appropriate:

"* * * A reasonable extension of credit was contemplated by the contract, and was part of the consideration upon which the transaction rested. The appellants cannot, therefore, be heard to say in a court of equity, which acts or refuses to act in analogy to the statute of limitations, that his creditor is prosecuting a stale claim, when the latter has done nothing more than to observe his agreement * * *." 25 NE at 543.

■ The statute of limitations is an affirmative defense and the defendants have the burden of proving that the statute commenced to run prior to the termination of the account because more than a reasonable time had elapsed for the termination of credit. *Andrews v. Andrews*, 170 Minn 175, 212 NW 408, 412 (1927). We hold as a matter of law that defendants did not carry that burden.

The statute of limitations commenced to run on the entire obligation at the time of the last purchase which was within six years from the commencement of the action. In accordance with this court's authority, under the Oregon Constitution, Art VII, § 3, the judgment of the trial court is modified and the case is remanded with direction to enter a judgment for plaintiffs in the sum of $4,449.37 with interest at 6% from January 12, 1963.