BEESON and Another *v.* McCONNAHA.

An answer setting up new matter which is untrue, and intended merely to delay the trial, will be deemed a sham defense, though, in point of law, good on its face.

Where a defendant, by answers to interrogatories under oath, concedes his answer to be false, the Court will strike it out, on motion, as a sham defense, though good on its face.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, brought this action against *William Beeson* and *William S. T. Morton*, upon a bill of exchange. The bill was drawn by *Beeson* upon himself, and accepted by himself, and indorsed by *Morton*.

The defendants answered—

1. "That *Beeson*, on the 16th of *December*, 1856, purchased of plaintiff ninety-five head of hogs, which, by the contract of sale, were to average two hundred pounds each, for which he was to give 5 dollars per hundred weight, and to . execute to plaintiff his note for the purchase-money, with *Morton* ·as surety, payable on the first of *March*, 1857. And they say, that in pursuance of the contract, he, *Beeson*, on the 16th of *December*, 1856, executed the note in suit for the purchase-money of the hogs, calculating the value thereof at the rate of 5 dollars per hundred weight; and they say that *Morton* is merely surety for *Beeson* on the note, and that there was no consideration whatever moving between *Morton* and other parties to said note, which was executed especially, and for no other purpose, to be delivered to the plaintiff for the purchase-money of the hogs. And they further say, that when the hogs were delivered, it was ascertained that they did not average in weight two hundred pounds each, but that the average weight of said hogs so delivered did not exceed one hundred and eighty pounds each; and they say·that by reason of the diminished average aforesaid, said hogs were not worth so much to the defendants by —— cents on the hundred weight, making, on the total weight of said hogs, the sum of 115 dollars, which sum the defendants set up as a counter-claim in this cause."

2. "That the defendants paid the note in full, before the commencement of the suit."

To these defenses, the plaintiff replied by a general traverse, and thereupon propounded to the defendants the following interrogatories:

1. Were not the hogs mentioned in your answer weighed and delivered before the execution of the bill mentioned in the complaint?

2. Are the facts contained in the first paragraph of your answer true?

3. Have you, or either of you, paid the bill of exchange sued on, or any part of it?

To the interrogatories thus propounded, the defendants

severally answered to the effect that the hogs were weighed and delivered to *Beeson* before the execution of the bill of exchange, and that said bill remains wholly unpaid.

Upon the filing of these answers, the plaintiff moved to reject the answer to the complaint, on the ground that the same, and each paragraph thereof, was wholly false, and put in by the defendants as sham defenses for the purpose of delay, &c., all which appears by the defendants' admissions as contained in their several answers to the interrogatories, &c. The Court sustained the motion, set aside the answer to the complaint, and rendered final judgment for the plaintiff.

Was the motion to reject correctly sustained? This is the only question raised in the argument of the cause.

It is enacted that "All frivolous demurrers and motions shall be overruled, all sham defenses shall be rejected, and all irrelevant matter shall be set aside," &c. 2 R. S. p. 44, § 77. What is a sham defense? In *New York*, under an enactment similar to the one just recited, it has been decided that an answer setting up new matter which is untrue, and intended merely to delay the trial, will be deemed a sham defense, though, in point of law, it is good on its face. Van Santv. Pl. 594, 597, and cases there cited. This exposition seems to be correct. But the inquiry still arises, How is the falsity of the defense to be pointed out to the Court? *Walpole* v. *Cooper*, 7 Blackf. 100, decides that " A plea apparently good on its face cannot be set aside upon an affidavit made by the plaintiff that the plea is false." See, also, *Brown* v. *Lewis*, 10 Ind. R. 232. But these decisions do not apply to this case; because here, the defendants themselves, under the sanction of an oath, admit their answer to be untrue.

Thus the falsehood of the answer, in this instance, is conceded; and there are authorities decisive of the point, that where a party concedes his plea to be false, whether it be good on its face or not, the Court will, on motion, strike it out. *Seward* v. *Hotchkiss*, 2 Cow. 634.—*Broome County Bank* v. *Lewis*, 18 Wend. 565.—1 Barn. and Cress. 286. When such concession is made, it is said to be " the

well settled practice to strike out the plea; for in such case, it is clear no injustice can be done." Indeed, it is plainly the duty of the Court, whenever sufficiently informed that a defense is false, and intended to delay a cause, to reject it; and it must be conceded that the proofs, in this case, are decisive as to the falsity of the defense, and fully sustain the action of the Court.

The motion to reject was correctly sustained.

*Per Curiam.*—The judgment is affirmed with 8 per cent. damages and costs.

*O. P. Morton* and *J. F. Kibbey*, for the appellants.

*C. H. Burchenal*, for the appellee.