PELTON v. PRESCOTT *et al.*

1. PROMISSORY NOTE: ALTERATION: SECURITY. A new consideration is not essential to support an assent by a security to an alteration in the date and amount of a promissory note, whether such an assent be expressed, either before or after the alteration is actually made.

*Appeal from Clayton District Court.*

MONDAY, OCTOBER 13.

FOR the facts, see the opinion.

*J. O. Crosby* for the appellant.

1. The alterations of the note by Pelton, by adding the sum of $68, and changing the date without the knowledge or consent of appellant, not only rendered the note void, but completely extinguished the consideration for which it was given. *Newell* v. *Mayberry*, 3 Leigh, 250; *Wheelock* v. *Freeman*, 13 Pick., 165; *Mills* v. *Starr*, 2 Bailey, 359; *Whitman* v. *Fry*, 10 Miss., 348; *Stevens* v. *Graham*, 7 Serg. & Rawle, 505; *U. S. Bank* v. *Russell*, 3 Yeates, 391; 19 Johnson, 391; 17 Wend., 238; 24 Id., 374; 2 N. H., 543; *Master* v. *Miller*, 1 Smith's L. C., 458; *Bank of Limestone* v. *Penick*, 5 Monr., 31; Chitty on Bills, 204.

2. Appellant being surety, the note was his undertaking to answer for the debt or default of another. After plain-

tiff had made the note void by altering it, any subsequent assent would be a new and different contract, and must not only have a consideration to support it, but being within the statute of frauds, must be in writing. Code, § 4007, sub. 3; *Cockshot* v. *Bennett,* 2 Term R., 763; *Payne* v. *Eden,* 3 Caines, 213; *Choffee* v. *Thomas,* 7 Cow., 358.

*Noble & Beckwith* for the appellee.

The only question raised by the record is, whether the alteration of a note without the knowledge of the maker at the time of the alteration, wholly vitiates the note. There is no case which goes to the extent claimed by the appellants. Chit. Bills, 207; 1 G. Greene, 74, 157, 167; *May* v. *Deavor,* 1 Iowa, 121; *Conrad & Co.* v. *Baldwin,* 3 Iowa, 207; *Fruher* v. *Geeseeker,* 5 Iowa, 472; *Spere* v. *Fortner,* 6 Id., 553.

WRIGHT, J.— To the plaintiff's petition, which is upon a promissory note, one of the defendants answered, that since the signing of the same, it had been altered without his knowledge or consent, as follows: the date from December 20, 1855, to February 20, 1856, and the amount from $400 to $468. On the trial, it was shown that these alterations had been made by plaintiff, after the execution and delivery of the note without defendant's knowledge, who signed the same as surety. An instruction was asked to the effect, that if the note was signed by the defendant as surety, and if after this, the payee altered the same in the particulars above specified, without the surety's knowledge, then the surety was discharged, although he afterwards assented, unless such subsequent assent was founded upon some new condition. This was refused, and the refusal is now assigned as error.

The record does not profess to disclose all the testimony,

and we are simply asked to determine whether a new consideration was necessary to support the subsequent assent of the surety to the alterations shown to have been made by the payee in the note. And this point we think was ruled correctly by the court below. If the alterations had been made with his knowledge and consent, it is very clear that the note would not have been void. (*Grimstead* v. *Briggs*, 4 Iowa, 559.) Nor is the rule different where the assent is subsequently given. Thus, suppose the alteration is made to correct a mistake, (Chitty on Bills, 207,) no new consideration is necessary to support the assent afterwards given. And for anything that appears, these changes were made between the payee and the principal to correct a mistake, all of which was subsequently ratified and concurred in by the surety. What would amount to a ratification is another question, not now presented for our consideration. It did arise in *Sands* v. *The People*, 3 Gil., 327; cited by appellants, but that case has no application in this. And so we may remark that *Wheelock* v. *Freeman*, 13 Pick., 165, decides nothing bearing upon this question. There the only point was whether the cutting off the memorandum attached to the notes by payee, was a material alteration. In this case, the materiality of the alterations is not denied. And the same remark in substance applies to *Woodworth* v. *Bank of America*, 19 John., 391. For there, as applicable, ever so remotely to the point under discussion, it is only decided that every alteration of a note by the maker, in respect to the place of payment, or any alteration of the contract of the indorser, in a part which may in any event become material without his consent, discharges his liability. But the instruction in this case implies assent. Nor do the cases of *Newell* v. *Mayberry*, 2 Leigh, 250; *Mills* v. *Starr*, 2 Bailey, 359; *Stevens* v. *Graham*, 7 S. & R., 508; *Bowers* v. *Jewell*, 2 N. H., 543, have any greater pertinency to the question here involved. Upon this point,

however, see *Speake* v. *United States*, 9 Cranch, 98; *Wooley* v. *Constant*, 4 John., 54; *Kirwin's Case*, 8 Cow., 113.

. Affirmed.