### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1876, IN THE SIXTY-FIRST YEAR OF THE STATE.

---

## PARKS v. ZEEK.

CONTRACT.—*Promissory Note.*—*Pleading.*—*Answer.*—Suit by an assignee on a promissory note not payable in bank. Answer by the maker, that the note was given in consideration of a certain horse, purchased by said maker for himself and his father, named, and was to be signed by said maker and his father as a joint obligation; that at the time of the execution of the note, the payee was indebted to said maker and his father for work done and materials furnished at the payee's request, a bill of particulars thereof being made part of the answer, in a certain sum greater than the amount of the note; that while the payee held the note, he agreed with the maker and his father, in consideration of said indebtedness, that said horse should go in payment of said indebtedness, if the payee did not pay the same by doing certain labor; and the answer proposed to set off said indebtedness, and prayed judgment for costs and other relief.

*Held*, that this answer was not good as an answer of set-off, or as showing a want or failure of consideration, or as showing an accord and satisfaction, but was bad on demurrer for want of sufficient facts.

SAME.—*Evidence.*—*Written Contract.*—*Parol Contemporaneous Agreement.*— It could not constitute a defence to such note, that at the time of the execution thereof, the maker and payee verbally agreed that if the latter

(221)

should not, by performing certain labor, pay a certain debt which the payee owed to the maker and a certain third person, and which the payee had promised to so pay, the consideration for which said note was given, being a certain horse then sold by the payee to the maker, should be regarded as paid for and should be applied as a credit upon said indebtedness of the payee; and that no part of said labor to be performed by the payee had ever been performed.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellant.

*J. P. Siddall* and *A. B. Young,* for appellee.

WORDEN, C. J.—Zeek sued Parks before a justice of the peace, on a note endorsed by the payee to the plaintiff, of which the following is a copy:

"APRIL 21st, 1871.

"Nine months after date I promise to pay William Walker the sum of one hundred and fifteen dollars, for value received.                           LEVI D. PARKS."

The defendant filed the following answer before the justice, viz.:

"The defendant, Parks, for answer to the said note and complaint, says that said note was given in consideration of a certain horse purchased by the defendant for the benefit of himself and his father, Curtis Parks; that when said note was given, it was to be signed by defendant and said Curtis Parks, as a joint obligation; that when said note was given, and before then, said Walker was indebted to said defendant and his father for work and labor and materials found, in building and repairing houses, sheds and porticos for said Walker, at his request, in the sum of one hundred and fifty dollars; and while said Walker so held said note, in consideration of said indebtedness to defendant and his father, said Walker agreed with them that said horse should go in payment of said liability for said work, if he, said Walker, did not pay the same in digging a ditch; whereupon defendant offers said account for work and labor as a set-off, and files a bill of particulars, and prays judgment for costs and other relief." Accompanying the answer is a bill of the particulars of the work and labor.

Such proceedings were had before the justice as that judgment was rendered for the plaintiff, and Parks appealed to the circuit court, where, after various proceedings not necessary to be here stated, a demurrer for want of sufficient facts, to the answer above set out, was sustained, and exception taken. The cause was tried by a jury, resulting in a verdict and judgment for the plaintiff, over a motion for a new trial.

The errors assigned by the appellant are the sustaining of the demurrer to the answer and the overruling of the appellant's motion for a new trial.

The answer, we think, was bad, and the demurrer to it properly sustained. It was not a good answer of set-off, for want of mutuality, the debt sought to be set off being a debt which Walker, the payee, owed to the defendant and his father jointly.

The answer admits by implication the execution, including the delivery, of the note, by the defendant to Walker, but alleges that it was to be signed by the defendant and his father as their joint obligation.

Why the defendant's father did not sign the note does not appear in the answer; but the fact that he did not sign it does not destroy the effect of the execution and delivery of the note by the defendant.

The answer is not good as showing a want or failure of consideration, for it alleges that the consideration was a horse purchased by the defendant for the use of himself and his father.

It is not good as showing an accord and satisfaction. It alleges the indebtedness of Walker to the defendant and his father, and that after the execution of the note, Walker agreed with them, in consideration thereof, that the horse should go in payment thereof, " if he, said Walker, did not pay the same in digging a ditch;" but it is not alleged that Walker did not pay the same in digging a ditch.

For aught that appears by the answer, Walker may have paid the indebtedness by digging a ditch.

Again, the agreement seems to lack mutuality of obligation. It is not alleged that the defendant and his father agreed to accept the horse in payment of the indebtedness of Walker to them, in case he did not pay it in digging a ditch. There are probably other objections to the answer, viewed as an answer of accord and satisfaction. In any view that we can take of it, we think it was bad.

The causes for a new trial were, first and second, that the verdict was contrary to the law and evidence.

"3. The court erred, during the trial of the cause before the jury, while Levi D. Parks, the defendant, was on the stand testifying as a witness in said cause, in refusing to permit the defendant to prove by said witness that, when he went to purchase the horse for which said note was given, the said Walker was indebted to him and his father, Curtis Parks, one hundred and fifty dollars, for building him, said Walker, a house; that Walker had promised him and his father to pay for said building in digging a ditch; that at the time of negotiating for said horse, it was agreed by said defendant and said Walker that the defendant might take the horse for one hundred and fifteen dollars, and if he, Walker, did not pay for building said house by digging said ditch, during the succeeding season, then said horse should be considered as paid for, and go as a credit on the house; that it was upon this consideration the horse was purchased and the note given, and no other or different consideration; and that no part of said ditch was ever dug."

The residue of the causes relate to the instructions given by the court.

We are of opinion that the evidence offered and rejected was properly rejected. It went to vary and contradict the legal effect of the note sued upon. The note bound the maker, unconditionally, to pay the amount specified, at the maturity thereof. The evidence went to show that, at the time of the contract, it was agreed between Walker and the defendant, that if Walker did not pay his indebtedness to the

defendant and his father, by digging the ditch, then the horse for which the note was given should be applied upon that indebtedness, and be considered as paid for, and, therefore, that the note was not to be paid at all.

In other words, the evidence went to establish the proposition that it was thus agreed that the note was to be paid only on the condition that Walker should pay his indebtedness to the defendant and his father by digging the ditch.

This was engrafting upon the note a parol condition of defeasance, which would contradict its terms and subvert its legal effect.

That this cannot be done by a cotemporaneous verbal agreement, is established by too many authorities in this State to justify the citation of them. Many of them are collected in Buskirk Prac. 360. See, also, *Durland* v. *Pitcairn*, 51 Ind. 426. Counsel for the appellee have cited *Adams* v. *Wilson*, 12 Met. 138, which is in point.

The instructions went upon the theory that the legal effect of the note could not be contradicted or varied by parol evidence of a cotemporaneous agreement between the parties, but that the parties might, subsequently to the execution of the note, make a valid agreement, based upon a sufficient consideration, which would control the note. They placed the law applicable to the case very fairly before the jury, and were not objectionable, as we think.

There is no cause for reversing the judgment upon the evidence.

The judgment below is affirmed, with costs.