Favorite, Administrator, *v.* Stidham.

---

No. 9349.

## FAVORITE, ADMINISTRATOR, *v.* STIDHAM.

PROMISSORY NOTE.—*Principal and Surety.—Signature Subsequent to Execution. —Consideration.*—Where, after the signing and delivery of a promissory note by the principals, another, without their knowledge, signs as surety, the latter is not bound, unless a new and distinct consideration be shown.

SAME.—*Contract.*—Where a note is signed or endorsed at the time of its execution by a surety, his undertaking will be deemed part of the original transaction and supported by the consideration moving to the principal; but if the suretyship is entered into at a time subsequent to the execution by the principal, it is a distinct contract, and must be supported by a consideration of its own.

From the Tippecanoe Circuit Court.

*R. Jones,* for appellant.

*C. E. Lake* and *J. S. McMillin,* for appellee.

ELLIOTT, J.—The promissory note upon which this action is founded was, as appears from the copy set forth in the complaint, executed by Christopher C. Taylor, Thomas J. Taylor and Eleanor Taylor, appellant's intestate, to Sylvester Taylor, Jr., and by him endorsed to the appellee.

The court made a special finding of facts, of which we make the following synopsis: The note was executed by Thomas J. and Christopher C. Taylor, in payment for lands purchased of Sylvester Taylor, Jr. At the time of its execution by the persons named, Eleanor Taylor's name was not signed, nor was there any agreement or understanding that she should sign it. After the delivery of the note to the payee, Eleanor Taylor signed her name, without the knowledge of either Thomas J. or Christopher C. Taylor, affixing to it the word "security." The court, as matter of law, held that Thomas J. and Christopher C. Taylor were not liable, and that Eleanor Taylor's estate was liable upon the note declared on.

The theory of the appellee, and that which prevailed in the trial court, is that Eleanor Taylor, by signing the note, caused the release of the original makers, and became herself bound. The contention of the appellant is, that there was no consideration for Eleanor Taylor's undertaking, for the reason that the consideration which moved to the original makers was past and executed, and that no new consideration was received by her.

Two cases are relied on by the appellee. The case of *State, ex rel.,* v. *Van Pelt,* 1 Ind. 304, declares the familiar doctrine that a party is bound to know the legal effect of the contract which he signs. The use made of this point is, that Eleanor Taylor was bound to know that, in signing the note as surety, she released the original makers and imposed a liability upon herself. This argument assumes the proposition which appellees must establish, namely, that the effect of Eleanor Taylor's signing was to release the original makers and bind herself. If this was the legal effect of her contract, she must

be deemed to have known it; but that is not the material question. The question is, what is the legal effect of her undertaking? It was held in *Dickerman* v. *Miner*, 43 Iowa, 508, that the addition of a new maker to a promissory note will discharge the original makers, if added without their knowledge, and that the signature to a note imports a consideration. There is some conflict as to whether the addition of a name will release the original makers. 2 Daniel Neg. Inst. 364; *Bowers' Adm'r* v. *Briggs*, 20 Ind. 139; *Crandall* v. *First Nat'l Bank*, etc., 61 Ind. 349. But, granting that the addition of a name does release the original makers, does it follow that the one who signs as surety is bound, although there is no consideration for his undertaking?

The word "security" was improperly used by Mrs. Taylor, but it is well settled that when written after the name of one who signs a promissory note it means surety. The undertaking of Mrs. Taylor was that of surety, for that is the plain import of the word annexed to her name. The payee could not have understood that she meant to assume the position of a maker, release the original makers, and become herself solely bound. This would be utterly inconsistent with the character of her undertaking as surety. Suretyship implies a principal; principal and surety are correlative terms. It can not be assumed that Eleanor Taylor undertook to step into the place of the original makers; on the contrary, the effect of her undertaking was that the makers should retain their places, and that she should stand as their surety.

In the Iowa case, the person who last signed the note intended to bind himself as maker, and signed for the purpose of effecting a transfer of the note; and it was correctly held that "there was no reason why he should be discharged from his obligation voluntarily assumed." But the case in hand is a very different one. Eleanor Taylor did not intend to execute a new note or to displace the original makers. The payee did not understand that she did any such thing. Suppose Mrs. Taylor had written at the foot of the note: I guar-

antee payment of this note; would that have released the original makers, and bound her, although she received no consideration? Or, suppose she had written the same words across the back of the note; would it have released the makers? It seems to us there can be no doubt as to the answers which must be made to these questions, and as little that the appellant's intestate did not, by the mere fact of signing as an avowed surety, make herself liable, although she received no consideration.

The case must turn upon the validity of Eleanor Taylor's contract. Was there a consideration to support it? It is a familiar elementary principle that a past or executed consideration will not support a contract. The doctrine is so rudimental that it would be out of place to cite authorities. It is, however, proper to cite cases illustrating the application of the general rule. In *Davidson* v. *King*, 51 Ind. 224, the appellant had endorsed notes several months after they were executed, and it was held that there was no consideration for the endorsement. The court quoted from Parsons on Contracts the following: "Although the promise to pay the debt of another be in writing, it is nevertheless of no force unless founded upon a consideration. It is itself a distinct contract, and must rest upon its own consideration; but this consideration may be the same with that on which the original debt is founded." Taking this, as unquestionably it is, as the true rule, the undertaking of Mrs. Taylor must be regarded as a distinct contract, requiring some valuable consideration to support it. That consideration can not be the release of the original makers, for neither she nor the payee contemplated any such thing. They both understood that the makers were to remain bound. If they were mistaken in this, it is a mistake of law, shared by each, and can not be a reason for holding Mrs. Taylor's estate liable. It certainly constitutes no consideration for her undertaking as surety. The case of *Crossan* v. *May*, 68 Ind. 242, is strongly in point. It appeared in evidence, in that case, that James W. and James

M. Powell had executed a promissory note; that, after it was executed, and without any new consideration having passed, the names of Crossan and McGeath were signed; and it was held that no action could be maintained. There are other cases in our reports enforcing this general rule, among them *Bingham* v. *Kimball,* 17 Ind. 396; *Starr* v. *Earle,* 43 Ind. 478; *Clodfelter* v. *Hulett,* 72 Ind. 137.

Where a note is signed or endorsed at the time of its execution by the surety, his undertaking will be deemed part of the original transaction, and supported by the consideration moving to the principal. If the undertaking of suretyship is entered into at a time subsequent to the execution by the principal, it is a distinct contract, and must be supported by a consideration of its own. In *Beebee* v. *Moore,* 3 McLean, 387, the rule was thus stated: " If the contract of guaranty be entered into at the time of the contract, to which it relates, so as to constitute a part of the consideration of that contract, it is sufficient. But, if the guaranty be subsequent to the contract, there must be a distinct consideration to support it." An elementary writer thus states the rule: " So where a person signs a note as surety after its delivery, the transaction constitutes a separate agreement, and must be supported by a consideration other than that imported by the note itself." Baylies Sureties, 56; *Clopton* v. *Hall,* 51 Miss. 482. Where the declaration shows that the undertaking as surety or guarantor was executed after the delivery of the note, it must be alleged that it was executed upon a valuable consideration. In *Joslyn* v. *Collinson,* 26 Ill. 61, the court said: " The declaration should show that the guaranty was entered into at the time the note was executed, when it need not aver any new consideration; or, if, as in this case, the guaranty was entered into subsequently, a new and independent consideration should be averred."

The evidence in the case before us shows very clearly that Eleanor Taylor signed the note as surety long after its execution by the makers, and that she received no consideration

for her promise. The promise appears, therefore, to be one upon which no action can be maintained.

Judgment reversed; cause remanded, with instructions to sustain appellant's motion for a new trial.