No. 9170.

## LOWE v. THOMPSON.

|86 503|
|157 533|

PRACTICE.—*Sham Pleadings.*—*Sham Defences.*—*Motion to Reject.*—*Answers to Special Interrogatories.*—Under section 77 of the civil code of 1852, the power of the court to reject sham pleadings only applied to sham defences; but, under section 382, R. S. 1881, the rule is different, and the court may now reject an answer or any other pleading as sham, when it plainly appears upon its face to be false in fact, or is shown to be so by the answers of the party to special written interrogatories, propounded to him to ascertain whether the pleading is false.

ESTOPPEL.—*Receipt for Money.*—*Recital of Payment in Contract.*—The recital in a written contract of copartnership, that each partner had paid so much money as his share of the capital of the firm, is not conclusive, and will not work an estoppel. Such a recital, like an ordinary receipt or acknowledgment of the payment of money, may be explained, controlled, qualified or even contradicted.

From the Shelby Circuit Court.

*J. S. Scobey* and *D. Watts*, for appellant.

*B. F. Love, H. C. Morrison, T. B. Adams* and *L. T. Michener*, for appellee.

HOWK, J.—This was a suit by the appellee against the appellant, Lowe, and Oliver M. Thompson and Daniel W. Lovett as defendants. In his original complaint the appellee alleged in substance, that, on May 11th, 1874, and while the defendants were partners in trade under the firm name of W. W. Lowe & Co., they, by their promissory note, executed by their said firm name, promised to pay to the order of the said Oliver M. Thompson the sum of $800, in two years after date, negotiable and payable at the Citizens' National Bank of Greensburgh, Indiana, with ten per cent. interest from date, payable annually, compounded if not paid when due, and five per cent. attorneys' fees if suit be instituted thereon; that the payee, Oliver M. Thompson, endorsed and delivered said note, before its maturity, to the appellee, who then owned the same; that the said note was past due and wholly unpaid; that, on May 28th, 1875, the said Lovett withdrew from said firm, at which

time the appellant and said Oliver M. Thompson, who continued in partnership under the firm of W. W. Lowe & Thompson, agreed in writing to and with the said Lovett, that they would assume all the liabilities of the late firm of W. W. Lowe & Co., and become primarily liable for all the unpaid indebtedness thereof, and release the said Lovett from all liability thereby; that the said Lowe and Thompson continued in business as such partners until February 22d, 1878, at which time they dissolved, and the appellant, Lowe, by his written contract, assumed all the liabilities of said firm; and that, by means of the premises, the appellant and said Oliver M. Thompson, as between them and the said Lovett, were primarily liable for the payment of the note in suit, and the appellant as between him and said Thompson was primarily liable for the payment of said note. Wherefore, etc.

The original complaint was filed on the 3d day of October, 1879; and afterwards, on the 12th day of March, 1880, with leave of the court first had, the appellee filed two additional paragraphs of complaint. In the second paragraph he alleged in substance, that the defendants were indebted to him in the sum of $800, for four mules sold and delivered by him to the defendants on December 1st, 1874, upon their promise and agreement to pay him the said sum therefor, in twelve months thereafter, which sum was due and unpaid. Wherefore, etc.

In the third paragraph of his complaint the appellee alleged in substance, that the defendants were indebted to him in the sum of $900 for money loaned to them on October 27th, 1877, and which they agreed to repay him six months thereafter, and that the same was due and unpaid. Wherefore, etc.

The cause was dismissed as to the defendant Daniel W. Lovett, and, having been put at issue as to the other defendants, was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $1,156.80. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

The following decisions of the circuit court are assigned as errors by the appellant:

1. In overruling his motion for a new trial;

2. In sustaining the demurrer to the sixth paragraph of his answer;

3. In overruling his demurrers to the third, fourth and fifth paragraphs of reply;

4. In overruling his motion to dismiss the suit;

5. In overruling his motion to strike out the second and third paragraphs of complaint;

6. In overruling his motion to dismiss the second and third paragraphs of complaint.

The first point made by the appellant's counsel in argument is the one presented by the fifth alleged error, namely, in overruling his motion to strike out the second and third paragraphs of the complaint. The appellant's motion referred to in the fifth alleged error was in writing, and in substance as follows:

" Comes now the defendant William W. Lowe and moves the court to strike out and reject the plaintiff's additional second and third paragraphs of complaint herein, for the reasons that said paragraphs are sham and dilatory pleas filed herein to secure an undue advantage over this defendant, and, if permitted to remain in the record, great injustice will be done this defendant in giving the plaintiff the opening and close of the argument of said cause, upon such sham and dilatory pleas and pretended issues; and, in verification of this motion, reference is hereby made to the answers of the plaintiff to the interrogatories of this defendant in this cause, made part hereof."

In considering the question presented by this alleged error, it may be premised, that, before the filing of the additional second and third paragraphs of complaint, the appellant separately had answered the original complaint in eight paragraphs; the defendant Oliver M. Thompson had made default; and the action had been dismissed as to the defendant

Daniel W. Lovett. The additional paragraphs of complaint, however, were filed against all the original defendants. The appellant separately answered the additional second and third paragraphs of complaint by a general denial thereof, and with his answer he filed two interrogatories to be answered under oath by the appellee. The appellee's answer, under his oath, to these interrogatories showed very clearly, as it seems to us, that he had no such cause of action against the defendants, or either of them, as he had stated in either the second or third paragraphs of his complaint. It may be conceded that these two paragraphs of appellee's complaint were shown, by his sworn answers to the appellant's interrogatories, to be false in fact and sham pleadings; but it does not follow that the court erred in overruling the appellant's motion to strike out and reject these paragraphs on that ground. Manifestly, the motion was made, or intended to be made, under the provisions of section 77 of the civil code of 1852, in force during the pendency of this cause in the trial court. This section provided as follows:

"Sec. 77. All frivolous demurrers and motions shall be overruled; all sham defences shall be rejected; all surplusage, tautology, and irrelevant matter shall be set aside, when pointed out by the party aggrieved." 2 R. S. 1876, p. 72.

This was the only section in the code of 1852 which authorized the trial courts to reject sham pleadings of any kind; and by the express terms of the section the authority thereby conferred was limited to the rejection of "sham defences." It is very clear, therefore, that the appellant's motion to reject the second and third paragraphs of appellee's complaint, as sham pleadings, was not authorized by the civil code of 1852, and that the overruling of this motion was not an available error for the reversal of the judgment. In this connection we may properly remark, however, that the trial courts are now authorized by section 847 of the civil code of 1881 (sec. 382, R. S. 1881), to reject "An answer or other pleading," as sham, either when it plainly appears upon its face to be false

Lowe v. Thompson.

in fact, and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false. *Beeson* v. *McConnaha*, 12 Ind. 420.

The next error complained of in argument by the appellant's counsel is the decision of the trial court in overruling the motion to dismiss this action as to the appellant, for the reason that since the beginning of the suit, and during its pendency, to wit, on the 13th day of November, 1879, the appellee had dismissed the action as to the defendant Daniel W. Lovett; to which decision the appellant at the time excepted, and filed his bill of exceptions. In the same connection the appellant's counsel also complain, in argument, of the alleged error of the court in overruling the appellant's motion to dismiss this action as to the second and third paragraphs of appellee's complaint, for the reason that those paragraphs had been filed long after the appellee's dismissal of the action as to Daniel W. Lovett, the action having been prosecuted prior to such dismissal, against the original defendants, Lowe, Thompson and Lovett. In his brief of this cause the appellant's counsel say that the appellee, "having voluntarily at a previous term dismissed his suit as to the defendant Lovett, can not carry on the prosecution as to the remaining two makers of the note; and again, having begun a suit on a note made by three parties and the three made defendants, he can not, in that suit, after dismissal as to one, file two new paragraphs on the common counts against the two remaining defendants."

It is clear, we think, that the first of the two errors now under consideration is not well assigned. The fact, that the appellee had voluntarily dismissed his original action as to the defendant Lovett, certainly afforded no sufficient ground for dismissing that action as to the other two defendants, or either of them; and that was the only ground stated in the appellant's motion for such dismissal as to himself. If the appellee's dismissal of the action as to the defendant Lovett preju-

diced or injured the appellant in any manner in his defence to the action, he should have shown the fact to the court at the time, and objected and excepted to such dismissal. Not having done so, but having suffered the appellee to dismiss his action as to Lovett, without any objection thereto, the appellant could not afterwards make the fact of such dismissal the ground of his motion to dismiss the action as against himself. Besides, it will be seen from the summary we have given of the original complaint, that it states a cause of action, in appellee's favor, against the appellant and his co-defendant, Thompson, the two remaining defendants after the dismissal as to Lovett; for it counts upon the written contract of the appellant and Thompson with Lovett, whereby they agreed with him that they would assume all the liabilities of the late firm of ‧W. W. Lowe & Co., and become primarily liable for all the unpaid indebtedness thereof. The appellee was not a party to this written contract, but he was a creditor of the firm of W. W. Lowe & Co., and as such he had the right to sue upon such contract. We are of the opinion, therefore, that the court did not err in overruling the appellant's motion to dismiss the original action as to him. Nor do we think that the court erred in overruling his motion to dismiss the action as to the second and third paragraphs of the complaint. The fact that these paragraphs were filed long after the dismissal of the original action as to Lovett, afforded no sufficient ground for the dismissal of the action as to those paragraphs, and that is the only ground stated in the motion.

The appellant's counsel also complain of the decision of the court as erroneous, in sustaining a demurrer to the sixth paragraph of the appellant's answer. In this paragraph the appellant alleged, in substance, that in 1874 he and Oliver M. Thompson and Daniel W. Lovett formed a copartnership for the purpose of dealing in stone; that it was understood and agreed by and between the members of the firm, that each of them was to contribute to the capital stock of the firm, as his share thereof, the sum of $7,000; that the appellant and said

Lovett each contributed the sum of $7,000 to such capital stock; that the said Thompson only contributed, of his share of such capital stock, the sum of $5,600, and no more; that, on the 11th day of May, 1874, and while the said Thompson was indebted to said firm in the sum of $1,400, he sold and delivered to the firm four mules, of the value and at the agreed price of $800, as a further payment upon his share of the capital stock of the firm; that upon said date the firm executed the note in suit to said Oliver M. Thompson, with no intention that the same should be paid, but as an evidence that the firm would recognize the claim of said Thompson for that sum, the consideration of which was said mules; that the note was to be treated as a memorandum merely of the credit to which said Thompson was entitled upon his share of the firm's capital stock; that the said note was assigned and transferred to the appellee after the same, by its terms, became due. Wherefore the appellant said, that the appellee should not recover on said note.

This paragraph of answer was addressed to the original complaint, and was filed some time before the filing of the second and third paragraphs of complaint. It was demurred to upon the ground that it did not state facts sufficient to constitute a defence; the demurrer was sustained, and the appellant excepted. It is said by appellee's counsel, in their brief of this cause, that the trial court sustained the demurrer to this paragraph of answer " on the ground that it set up facts attempting to vary, contradict and alter the effect of the note in suit by a contemporaneous oral agreement that the note should not be paid, but should be treated as a memorandum merely of the credit to which O. M. Thompson was entitled, on a sale of mules to the partnership." Whether or not this was a proper ground for the decision, it seems to us that the paragraph of answer was bad, on the demurrer thereto, on other grounds. It was not good as an answer setting up the want or the failure of the consideration of the note in suit; because it alleged that the consideration of the note was the

sale and delivery, by the payee to the makers of the note, of four mules, of the value and at the agreed price of $800, the amount of such note.   The paragraph can not be regarded as stating a good set-off, because the unpaid balance of Oliver M. Thompson's share of the capital stock of the late firm of W. W. Lowe & Co., if due at all from Thompson, was due to all the members of the firm, and not to the appellant individually; but it was not alleged to be due to any one or even unpaid.   *Parks* v. *Zeek,* 53 Ind. 221.   So that the court did not err, we think, in sustaining the demurrer to the sixth paragraph of answer.

The next error complained of by appellant's counsel is the decision of the court in overruling appellant's demurrer to the fifth paragraph of reply to the seventh paragraph of his answer.   In this paragraph of reply the appellee alleged in substance, that the appellant was estopped to aver that said Oliver M. Thompson did not pay his full proportionate share, $7,000, of the capital stock of the old firm of W. W. Lowe & Co. at the time of the formation of the partnership; because the plaintiff said that when the firm was organized, and as a part of its organization, the members of the firm, of whom the appellant was one, by their written contract of copartnership, a copy of which was made part of said reply, stipulated, recited and agreed that each of them had contributed $7,000 to the capital of the firm, to be used and employed in common between them, for the support and management of the business of the firm, to their mutual benefit.   Wherefore, etc.

This paragraph of reply was bad.   An ordinary receipt or acknowledgment of the payment of money—and it was nothing more in this case—in such a contract, will not work an estoppel.   It may always be explained, controlled, qualified or even contradicted.   *Pauley* v. *Weisart,* 59 Ind. 241 ; *Beedle* v. *State, ex rel.,* 62 Ind. 26 ; *Lash* v. *Rendell,* 72 Ind. 475.   The court erred, we think, in overruling the appellant's demurrer to the fifth paragraph of reply ; and for this error the judgment below must be reversed.

The other matters complained of by appellant's counsel arise under the alleged error of the court in overruling the motion for a new trial, and need not now be considered.

The motion of Oliver M. Thompson to strike out his name as an appellant, filed in this court on the 27th day of September, 1881, is sustained.

The judgment against the appellant, Lowe, is reversed, at appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the fifth paragraph of reply, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.