Moyer *et al. v.* Brand.

No. 11,767.

## MOYER ET AL. *v.* BRAND.

PROMISSORY NOTE.—*Joint Makers.—Consideration.—Separate Defence.—Answer.*—One of the joint makers of a promissory note can make the defence that as to him such note is without consideration, and an answer by him, admitting the signing of the note, but alleging that " as to him it was executed without any consideration whatever," is good. *Anderson* v. *Meeker*, 31 Ind. 245, and *Bingham* v. *Kimball*, 33 Ind. 184, distinguished.

SAME.—*Pleading.—Practice.—Harmless Error.*—If a separate answer by one of several defendants goes to the merits of the case, and is such that the proof of it will defeat a recovery by the plaintiff, it will enure to the benefit of the other defendants; but this rule will not render harmless an error in sustaining a demurrer to an answer by one of such other defendants who has the right to answer and defend separately.

PLEADING.—*Sham Answer.—Practice.*—Where an answer does not appear upon its face to be a sham, the question as to whether or not it is such should be raised in the manner provided by section 382, R. S. 1881.

From the Tippecanoe Circuit Court.

*R. P. Davidson* and *J. C. Davidson*, for appellants.

*J. L. Miller, J. R. Coffroth, T. A. Stuart, M. Jones* and *W. F. Severson*, for appellee.

ZOLLARS, J.—This is an action by appellee against appellants Moyer and Fretz, upon a joint promissory note which, on its face, purports to have been executed by them as joint makers. Each filed separate answers. One paragraph of Fretz's answer is that the note was executed without any consideration. One paragraph of Moyer's answer was, that as to him, the note is without consideration. To this answer the court below sustained a demurrer. This ruling presents the controlling question in the case. The rule is, that if a separate answer by one of several defendants goes to the merits of the case, and is such that the proof of it will defeat a recovery by the plaintiff, it will enure to the benefit of the other defendants. *Sutherlin* v. *Mullis*, 17 Ind. 19; *Stapp* v. *Davis*, 78 Ind. 128; *Kirkpatrick* v. *Armstrong*, 79 Ind. 384. Appellee, invoking the protection of this rule,

contends that though the court may have erred in sustaining the demurrer to the paragraph of Moyer's answer, it is a harmless error, because he could have made the same defence under Fretz's answer.  It is true that Fretz's answer goes to the whole cause of action, and, therefore, enured to the benefit of Moyer.  Proof of that answer would have relieved him from all liability ; but it does not follow from this that the sustaining of the demurrer to his answer is a harmless error.  He had the right to answer and defend separately, and hence had the right to answer separately, that as to him the note is without consideration.  This is a defence personal to himself, and such as he would not have had the right to make under Fretz's answer.

The defendants might have been unable to make out their defence under that answer, which averred an entire want of consideration for the note, and yet Moyer might have been able to show that as to him, personally, there is an entire want of consideration.  Appellee construes the paragraph to mean that no money consideration passed to Moyer, but that construction is not the proper one.  The statement in the plea is that as to him, Moyer, the note was executed without any consideration whatever.

We are forced to the conclusion that the court below erred in sustaining the demurrer to the first paragraph of Moyer's answer, and that the error is not a harmless one.

The case is before us without the evidence, upon the special finding of facts.  We can not look to this special finding of facts to pronounce the error harmless, on the ground that the case has been disposed of upon its merits.  If the answer had been allowed to stand, the evidence might have been different, and hence the special finding might have been different.  Nor can we say from an inspection of the paragraph, or answer, and the record before us, that the error should be disregarded, because the paragraph embodied a sham- defence,  There is nothing upon the face of either that would justify such a conclusion.  Buskirk Pr. 191.

Moyer *et al. v.* Brand.

The paragraphs of Moyer's answer are not all upon the same theory; but this would not justify this court in holding that any particular one is a sham, since, in this State, parties. may plead different defences. If appellee regarded the defence set up in the first paragraph of Moyer's answer as a sham defence, he should either not have demurred, or raised that question below in the manner provided in the statute. R. S. 1881, section 382. This section adopts the rule of practice as laid down in the cases of *Beeson* v. *McConnaha,* 12 Ind. 420, and *Lowe* v. *Thompson,* 86 Ind. 503.

A demurrer was also sustained to the second paragraph of Moyer's answer. It is not necessary that anything should be decided as to the sufficiency of that paragraph, because the same defence could have been made under the third paragraph, to which the demurrer was overruled.

For the error in sustaining the demurrer to the first paragraph of Moyer's answer the judgment must be reversed; and although we find nothing in the record which entitled Fretz personally to a reversal of the judgment, yet, as an affirmance as to him might embarrass appellee in the further prosecution of his claim against Moyer, the judgment is reversed as to both of the appellants, at the costs of appellee, and the cause is remanded, with instructions to the court below to overrule the demurrer to the first paragraph of Moyer's answer.

Filed May 25, 1885.

## On Petition for a Rehearing.

Zollars, J.—The note in suit is a joint promissory note, executed by appellants. The first paragraph of Moyer's separate answer, to which a demurrer was sustained below, is as follows: "He admits the signing of said alleged promissory note, but he says that as to him it was executed without any consideration whatever."

Upon the petition for a rehearing appellee's counsel say: "We respectfully submit that this was not a good answer; that it is imperfect and incomplete. The note was joint, and.

to make the answer good, the note must have been without consideration as to any of the makers. But we submit that argument is at an end, and the question of practice is no longer open in this State. *Anderson* v. *Meeker*, 31 Ind. 245, and *Bingham* v. *Kimball*, 33 Ind. 184, cited in *Favorite* v. *Stidham*, 84 Ind. 423, 427, are directly in point, and hold the answer bad."

In the case of *Anderson* v. *Meeker, supra*, the answer was, "that defendant received no consideration for said note." It was held that the answer was bad, on the ground that if the note had a consideration to support it, that was sufficient, whether received by the defendant or some one else with his consent.

In the case of *Bingham* v. *Kimball, supra*, the answer was that the note in suit "was given by this defendant to the plaintiff's assignors without any consideration of any kind *to this defendant*." The court, in speaking of the answer, said: "It was not necessary that the consideration for the note should pass to the defendant. The consideration must be some benefit to the party by whom the promise is made, or to a third person at his instance; or some detriment sustained at the instance of the party promising, by the party in whose favor the promise is made."

Neither of these cases is cited in the case of *Favorite* v. *Stidham, supra;* counsel were, perhaps, misled by the table of cases. They nevertheless state the law correctly as applicable to all similar cases. To plead that the defendant "received no consideration" for the note, or what is the same thing, that the note was given without consideration to the defendant, is manifestly insufficient for the reason, as stated in those cases, that a consideration may have moved to third parties with his knowledge and consent, or some detriment may have been sustained by the promisee. The difficulty with the answers in those cases was that they were too narrow. They put a limit upon the defence of no consideration, and restricted it to a want of consideration

passing to and received by the defendant. If the answer under consideration were thus limited, the cases would be authority and conclusive, but clearly it is not so limited. The infirmity of appellee's argument is in assuming that the answer is thus limited. The averment in Moyer's answer that, "as to him, the note was executed without any consideration whatever," is not the same as the averment that *he* received no consideration, or that the note was given without consideration to him. Properly interpreted, Moyer's answer is, that so far as he was concerned, or so far as he was connected with the transaction, there was no consideration for the note. Not only no consideration moving to, or received by him, but no consideration "whatever;" no consideration to him, and no consideration in any manner to any one else. "As to him" limits the defence to him, but does not limit the want of consideration. The cases cited by counsel, therefore, do not overthrow the answer.

We can not agree with counsel that because the note is a joint one, to make the answer good the note must have been without consideration as to all of the makers. The note upon its face is a joint one. Presumably, both makers executed it at the same time, and upon ample consideration as to each and both. That presumption, however, is not conclusive. Under proper pleas, it may be shown that there was no consideration at all, or that there was a consideration as to one of the makers, and none at all as to the other. For illustration, we may suppose that the transaction from which the note resulted was entirely between appellee and Fretz; that it was entirely closed and completed, and that the note signed by Fretz had been delivered to appellee as a final settlement long before Moyer signed it; and that he signed it without any new consideration whatever. In such case, clearly, the note as to him would be without consideration, and just as clearly, he would have the right to make the defence under the plea, that as to him the note was without

consideration. *Crossan* v. *May*, 68 Ind. 242; *Favorite* v. *Stidham, supra; Starr* v. *Earle*, 43 Ind. 478.

Many cases may arise where, as to one of the apparently joint makers of a note, the consideration may be ample, and as to the others entirely wanting. To hold that in such cases one of the joint makers can not make the defence of a want of consideration as to him, unless the defence is common to all, would be to bring us into collision with the cases last above cited, and into collision with the statutes and other cases. R. S. 1881, sections 366, 568.

The latter section provides that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. This section is the same as section 368 of the code of 1852, 2 R. S. 1876, p. 186, under which it was often held, that when justified by the proof, judgment might be rendered against one only of several defendants, although the action was upon a contract jointly executed by them. *Draper* v. *Vanhorn*, 12 Ind. 352; *Hubbell* v. *Woolf*, 15 Ind. 204; *Murray* v. *Ebright*, 50 Ind. 362; *Fitzgerald* v. *Genter*, 26 Ind. 238; *Stafford* v. *Nutt*, 51 Ind. 535. It would be a solecism to hold that a separate judgment may thus be rendered against one of several joint obligors upon the proof in the case, and at the same time hold that he can not plead his separate defence.

Upon this further examination and consideration, we have no doubt that Moyer had the right to plead separately that as to him the note is without consideration. Nor do we see in what his plea is "imperfect and incomplete;" a general answer of no consideration is sufficient. *Swope* v. *Fair*, 18 Ind. 300; *Barner* v. *Morehead*, 22 Ind. 354; *Billan* v. *Hercklebrath*, 23 Ind. 71; *Bush* v. *Brown*, 49 Ind. 573 (19 Am. R. 695).

It may be that Moyer will be unable to sustain his answer by proof, but that is a result we can not anticipate.

Petition for a rehearing overruled.

Filed June 23, 1885.