Ross, J.
This is the second time this case has been in this court, 3 Ind. App. 245. On the former appeal the cause was reversed for an error of the court in sustaining a demurrer to the second paragraph of the reply to Jacob Tague’s answer.
The first error assigned on this appeal is that the court erred in overruling the demurrer to the second paragraph of the reply.
The record shows that after the reversal by this court of the former judgment, the court below overruled the demurrer of the appellant to the second paragraph of the reply of appellee Owens, which reply had been held to be sufficient by this court. Subsequent to this ruling of the court the appellee Owens amended his reply.
*201 The amended second paragraph of the reply superseded and took the place of the original paragraph, and any ruling of the court in relation to the sufficiency of the original paragraph is not properly in the record.
When the original paragraph went out of the record by the filing of the amended paragraph, all the rulings concerning it also went out with it.
No demurrer was filed to the amended reply, hence no question is raised as to its sufficiency on this appeal.
Counsel also insist that the court erred in overruling their motion to strike out the special verdict of the jury. Motions of this character, in order to present any questions on appeal, must be in writing and brought into the record, with the court’s rulings thereon, either by bill of exceptions or by order of the court. The motion in this case, if in writing, is not in the record, at least we have been unable to find it. Neither do we find any order of the court or bill of exceptions making it, together with the court’s ruling thereon, a part of the record.
The third error assigned is that the court erred in overruling appellant’s motion for a new trial.
The fourth reason assigned in the motion for a new trial is as follows: “Because the court erred in refusing to strike out the verdict in this cause, because the jury returned a general verdict instead of a special verdict.”
If a party request a special verdict, it is the duty of the court to instruct the jury to- return such a verdict. Section 555, R. S. 1894.
Although a party has requested that the jury return a special verdict, and they return a general verdict which is accepted by the court, in the presence of counsel, and no objection is interposed, the refusal to return a special verdict can not be reviewed, as counsel seek to have it done in this case. By the failure to object to the court’s *202 receiving the general verdict, the parties waived the right to have a special verdict returned.
Filed Nov. 1, 1894.
When a special verdict has been requested, the party-requesting it should object to the court’s receiving a general verdict; and when objection is made, if the court nevertheless accepts the general verdict, and the objecting party properly saves his exception to the court’s rulings, it will be reversible error.
No question concerning the regularity, of the court’s acts or rulings in accepting the verdict is presentod by the record in this case, hence will not be considered.
Without setting out the evidence or referring to the witnesses who testify concerning the questions in controversy, suffice it to say that the evidence is sufficient to sustain the verdict. That there is great conflict in the evidence on many questions is clear. The jury having decided which evidence is true and which not, their decision will not be reviewed by this court.
Judgment affirmed.