## STARS v. HAMMERSMITH ET AL.

[No. 4,446. Filed May 26, 1903. Rehearing denied November 17, 1903.]

PLEADING.—*Sham Pleading.*—*Motion to Strike Out.*—*Examination of Adverse Party.*—A complaint can not be stricken out as sham pleading upon answers to questions propounded to a party, pursuant to §517 Burns 1901, providing for the examination of an adverse party as witness.

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by William Stars against Louis Hammersmith and others. From a judgment for defendant, plaintiff appeals. *Reversed.*

*L. A. Douglass,* for appellant.
*Jacob Herter* and *G. H. Hester,* for appellees.

WILEY, J.—Appellant sued appellees to recover damages for personal injuries alleged to have been sustained while he was in their employment as a servant. In his amended complaint he avers that his injuries were occasioned by the carelessness, etc., of a co-employe, whom appellees knew was inexperienced, etc., and that appellant was ignorant thereof. Upon motion of appellees, and by order of court,

appellant's examination was taken under §517 Burns 1901. This examination was duly filed and published. Appellee thereupon filed their motion to strike out the amended complaint on the ground that it was "sham and false in fact, as shown by the answers of the plaintiff to interrogatories propounded to him upon his examination previous to the trial in said cause." This motion was sustained and exception reserved, and the motion, ruling thereon, and the exception thereto are brought into the record by a bill of exceptions.

While the record presents, and counsel have discussed, the question of the court requiring appellant to submit himself to a second examination after the first had been filed and published, it is unnecessary for us to decide it. Section 385 Burns 1901, provides: "An answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact, and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false," etc.

In this case appellant's complaint was rejected as sham and false upon his examination under the statute. §517 Burns 1901. That statute provides that a party to an action may be examined as a witness concerning any matter stated in his pleading at the instance of the adverse party, etc. Section 518 Burns 1901 provides the manner in which the examination shall be taken, and §519 provides that it shall be taken and filed as a deposition in the cause, and that it may be read by the party taking it. The latter provision evidently refers to its being read upon the trial of the cause. The question for decision is this: Can a party's pleading be rejected as sham and false, when it does not so appear on the face of it, except in accordance with the provision of §385, *supra?* In other words, if it should appear to the trial court, from the

examination of the party under the statute, that his pleading was false or sham, would the court be warranted in rejecting it?

In this jurisdiction the legislature has declared the manner in which a pleading may be stricken out as a sham where it does not so appear on its face, and that is when it is shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false. As the legislature has provided this mode of procedure and no other, it would seem that it should be followed.

In *Moyer* v. *Brand,* 102 Ind. 301, it was held that a party seeking to have a pleading stricken out, on the ground that it was a sham, must proceed in the manner provided by the statute,—citing §382 R. S. 1881. This is §385 Burns 1901. It was also held that this section adopts the rule of practice as laid down in the cases of *Beeson* v. *McConnaha,* 12 Ind. 420, and *Lowe* v. *Thompson,* 86 Ind. 503. The practice as provided by statute was recognized in *Pittsburgh, etc., R. Co.* v. *Fraze,* 150 Ind. 576, 65 Am. St. 377. Until the revision of 1881, the authority of trial courts to reject sham pleadings was limited to "sham defenses." *Lowe* v. *Thompson, supra.* It is a drastic proceeding to reject and strike out a plaintiff's complaint, and this should never be done except where the reason clearly appears, and then in harmony with the provision of the statute.

Our conclusion is that it was error for the court to reject and strike out appellant's complaint. The judgment is reversed, and the cause remanded for further proceedings in harmony with this opinion.