## NATIONAL LIFE COMPANY v. JORDAN.

[No. 17,037. Filed April 5, 1943. Rehearing dismissed May 24, 1943.]

*Hatfield & Hatfield,* of Evansville (*Edgar C. Corry,* of Des Moines, Iowa, of counsel)., for appellant.

*French Clements,* of Evansville, for appellee.

DOWELL, J.—This is an appeal from a judgment against appellant on appellee's complaint to recover upon a certain clause in a policy of life insurance. Appellant filed demurrer to the first paragraph of appellee's complaint and demurrers to appellee's reply to the first and third paragraphs of appellant's answer. Appellant also filed a motion to strike from the files appellee's reply to the third paragraph of appellant's answer. The cause was tried to the court without a jury resulting in judgment for the appellee in the sum of $1,000. Appellant then filed its motion to modify the judgment which was overruled by the court, as also was appellant's motion for a new trial.

Errors relied upon for reversal are:

1. The overruling of appellant's demurrer to the first paragraph of complaint.

2. The overruling of appellant's demurrer to appellee's reply to the first paragraph of appellant's answer.

3. The overruling of appellant's motion to strike from the files appellee's reply to the third paragraph of appellant's answer.

4. The overruling of appellant's demurrer to appellee's reply to third paragraph of appellant's answer.

5. The overruling of appellant's motion to modify the judgment.

6. The overruling of appellant's motion for a new trial.

Appellee points out certain omissions in appellant's brief and contends that no questions are presented for determination or review.

The brief is incomplete in the following particulars: (1) The complaint on which the cause was tried is not set out in sufficient substance. (2) Appellant's demurrer to the first paragraph of complaint is not set out in sufficient substance so that it can be ascertained from an examination of the brief whether same was a demurrer for want of facts or otherwise. (3) The brief does not contain a copy of the finding or judgment nor a copy of the various entries showing the filings of the pleadings and the rulings of the trial court thereon. (4) Appellant's demurrer to appellee's reply to appellant's first paragraph of answer is not set out in sufficient substance nor any reference made to the statutory grounds therefor. (5) Appellant's demurrer to appellee's reply to appellant's third paragraph of answer is not set out in sufficient substance. (6) Appellant's motion to modify the judgment is not set out in sufficient substance for this court to ascertain the nature of the relief sought. (7) Appellant's motion for a new trial is not set out nor sufficient substance thereof to present any questions for review.

The state of appellant's brief is such that in order properly to review and determine assigned errors 1, 2,

4, 5 and 6 this court would be compelled to resort to the transcript in aid of the brief. This the court will not do for the purpose of reversal. We hold, therefore, that no questions are presented by assignments 1, 2, 4, 5 and 6.

Appellant's third assignment, i. e., error of the trial court in overruling appellant's motion to strike from the files appellee's reply to the third paragraph of answer is not available as ground for reversal. *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088; *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Owens* v. *Tague et al.* (1892), 3 Ind. App. 245, 29 N. E. 784.

Judgment affirmed.

Blessing, C. J., not participating.

NOTE.—Reported in 47 N. E. (2d) 827.