No. 10,616.

### WHEELER ET AL. *v.* REITZ.

LANDLORD AND TENANT.— *Complaint to Recover Possession.*—A complaint against a tenant holding over, to recover possession, need not allege that the holding over is by force.

PRACTICE.—*Interrogatories, Time of Filing.*—Until a defendant has pleaded he can not obtain an order that the plaintiff answer interrogatories filed.

From the Vanderburgh Circuit Court.

*S. R. Hornbrook* and *A. C. Hawkins*, for appellants.

HAMMOND, J.—This was an action by the appellee against the appellants, to recover possession of certain real estate. The complaint was in two paragraphs, each averring, substantially, that the appellants entered into possession of the premises in controversy under a lease from the appellee; that the tenancy expired October 1st, 1882; but that the appellants continued in possession without right, and unlawfully kept the appellee out of possession.

The appellants' demurrer was overruled to each paragraph of the complaint. They then answered by the general denial. The case was tried by the court; there was a finding for the appellee, and judgment on the finding over the appellants' motion for a new trial.

The objection made to the complaint is that it does not aver that the appellants held over, after the expiration of their tenancy, *by force.* This averment was not necessary. The action was against tenants unlawfully holding over, and to make such holding over unlawful, it is not required that it should be attended with such a demonstration of force as would authorize an action for forcible detention.

The appellants addressed certain interrogatories to the appellee, which the court refused to require the appellee to answer. The record does not show that the interrogatories were filed with or after the answer; in fact, from the record, they appear to have been filed, and the ruling of the court com-

plained of made, several days before the filing of the answer. This was not a compliance with the statute, which provides that " Either party may propound interrogatories, to be filed with the pleadings, relevant to the matter in controversy, and require the opposite party to answer the same under oath." Section 359, R. S. 1881. The court could not, before the filing of the answer, know that there was any " matter in controversy" respecting the points involved in the interrogatories.

The evidence upon the part of the appellee tended to show that the lease was made to the firm of " Wheeler & Co.," composed of the appellants. The evidence for the appellants tended to show that said firm was composed of the appellant Charles Wheeler and his mother, Eliza Wheeler, the wife of the appellant Edward E. Wheeler, and that said Edward was not a member of the firm. It was for the trial court to settle the conflict in the evidence, and, under the established practice of this court, we may not say that it was not settled correctly.

We find no error authorizing a reversal. Judgment affirmed, at appellants' costs.

Filed Nov. 21, 1883. Petition for a rehearing overruled Jan. 3, 1884.