NEES ET AL. *v.* ALLEN ET AL.

[No. 13,337.   Filed March 27, 1929.   Rehearing denied May 29, 1929.   Transfer denied June 30, 1932.]

*Otto T. Englehart, Roy V. Tozer, Rawley & Baumunk* and *Louis B. Ewbank,* for appellants.

*B. C. Craig* and *Dix & Dix,* for appellees.

ENLOE, C. J.—The record herein discloses the following facts: May 12, 1927, a petition, signed by 10 persons, property owners, owning property on North Leavitt Street, in the city of Brazil, was filed in the office of the city clerk of Brazil, in which they requested that the city council cause North Leavitt Street in said city to be paved "from the North line of National Avenue to the South line of Central Avenue" in said city.

May 24, 1927, the city council met in regular session with the mayor and all councilmen present. At this meeting, Improvement Resolution No. 3, 1927, providing for the pavement of Leavitt Street from the north line of National Avenue to the south line of Central Avenue under the provisions of the Barrett Law was presented to the council and unanimously adopted. The council also adopted, by unanimous vote, plans and specifications for the paving of said street, as prepared by the civil engineer. The city clerk duly gave notice, by publication, as required by law, of the adoption of said resolution, and that the city council had fixed June 14, 1927, as the date upon which remonstrances, by persons interested in or affected by said proposed improvement, might be filed or heard, and that the council would hear said matter at 7:30 p. m. on said date. On June 14, 1927, a remonstrance, signed by more than 50 per cent of the persons who owned property on that portion of Leavitt Street, sought to be improved, was filed with the city clerk. The said remonstrance was upon the ground that the proposed improvement was not a public necessity, and that the benefits would not equal the costs thereof.

On motion, the further consideration of said matters was postponed until the next regular meeting of the said council on June 28, 1927, at which meeting, after hearing all persons interested, the common council decided that the benefits to be derived from said proposed

improvement to the property liable to be assessed therefor, equaled the estimated cost of the said proposed improvement and thereupon confirmed, without modification, said declaratory resolution, and ordered said street improved.

Following this action, notice was duly given that said council would on July 12, 1927, receive bids and let the contract for said proposed improvement. On the date fixed, the council met and on motion duly made, the council voted to hold unopened, until some future date to be determined by the council, all bids on file in the office of the city clerk, for the doing of said proposed work. This action was explained in the testimony of the mayor of said city, who said that the postponement was at the request of the representative of the remonstrators, to give them time to petition the board of county commissioners that they order the street improved under the township road law.

The matter thus was held in abeyance until September 10, 1927, when at a regular meeting of the city council, the bids received and which were on file in the office of the city clerk on July 12, 1927, were opened; the bid submitted by the appellants, Otto Underwood and George Sheehan, for the doing of said work, was accepted, and they were awarded said contract. On the same day, the formal contract for the doing of said work was duly executed and the said contractors at once, and on the same day, entered upon the work of improving said street under said contract. This action, which was for an injunction to restrain the city from confirming a final assessment roll, was begun by the filing of the complaint herein, on October 1, 1927. No restraining order was asked for and the contractor proceeded with said work, and on October 25, 1927, the city civil engineer reported to the city council that said improvement had been fully completed "in accordance to the

plans, profile and specifications," and recommended to the council that said work be received. On November 8, 1927, the city council accepted said work and ordered that the primary assessment roll be prepared and that the clerk give notice that the council would, on November 22, 1927, at 7:30 p. m., at the council chamber receive and hear remonstrances against said assessment roll. No remonstrances were filed; the assessment roll which had been prepared was submitted to the council and confirmed as the final assessment roll.

Thereafter this cause was tried before the court and resulted in a finding and judgment for the appellees, from which this appeal is prosecuted.

The controlling facts of this case are without dispute. It will be noticed that the complaint herein was not filed until October 1, 1927, 16 days after said contract for said improvement had been executed, and after the work of improving said street under said contract had actually commenced.

It is the contention of the appellees that, after they had filed said remonstrance, signed by a majority of the property holders affected by said improvement, the city council was thereafter without power to proceed with said work, unless, within 60 days thereafter, by ordinance of said city passed by a two-thirds vote of the council, such improvement should be specifically ordered, as provided in §10440 Burns 1926. Whether a remonstrance, filed by a majority of the property owners as provided for in said section, so ousts the city council of jurisdiction in the matter so as to render all subsequent action void, unless such ordinance be passed, we need not decide. June 14, 1927, was fixed as the day upon which the council would receive and hear remonstrances as against said resolution, and this remonstrance was filed under that notice; it might be characterized as a "utility remonstrance" against said

improvement, and the council evidently so treated it. On June 28, said remonstrance was considered, as such, and the council then determined that the cost of said improvement did not exceed the benefits to be derived therefrom by the property affected thereby, and they then confirmed without modification said preliminary resolution.

That portion of said section of the statute relied upon by the appellees reads as follows: "If said preliminary resolution is modified or confirmed, and said street is finally ordered improved, such final resolution shall be final and conclusive on all parties, unless, ten days after the day named for hearing upon said preliminary resolution, a majority in number of the resident freeholders on said street shall have remonstrated against said improvement," etc.

Until the preliminary resolution is confirmed, it may be said that there is nothing against which to remonstrate; prior to confirmation of such resolution, the council must first determine the question of cost and benefit, and may conclude not to order such improvement, and we therefore construe said statute as to the time within which the remonstrances last before mentioned may be filed as being the 10 days following the date of confirming said preliminary resolution and the ordering of said improvement made.

The preliminary resolution involved in these proceedings was confirmed and said improvement ordered on June 28, 1927, and to this action no remonstrance was filed, and appellees cannot substitute the remonstrance filed by them on June 14, as such remonstrance. As this action was not begun within 10 days after the execution of said contract or before the work on said street had actually commenced under said contract, it was begun too late. The decision of the court herein is not supported by sufficient evidence and

is contrary to law. The court also erred in overruling the demurrer to the complaint and in sustaining the demurrer to the second paragraph of answer of appellants, Underwood and Sheehan.

Judgment is reversed, with directions to sustain the motion for a new trial, to sustain the demurrer to the complaint, and for further proceedings.