ALLEN ET AL. *v.* NEES ET AL.

[No. 15,317. Filed February 11, 1937. Rehearing denied June 16, 1937.]

*Miller & Causey, Hutchinson & McQueen, B. V. Goshorn,* and *W. V. Moffett* for appellants.

*Rawley & Stewart, Miller & Miller,* and *Cyrus E. Davis,* for appellees.

DUDINE, J.—Appellants as owners of certain real estate abbutting North Leavitt Street in the City of Brazil, Indiana, instituted this action against appellees to enjoin and restrain appellees from enforcing an assessment roll and collecting any sums of money assessed against the property of appellants, with which to pay the cost of certain improvements of said street. Appellees Otto Underwood and George A. Sheehan were the contractors for the improvement.

The original complaint was filed on October 3, 1927. Appellees filed a demurrer to the complaint, which demurrer was overruled. The issues having been closed, the cause was submitted to the court for trial, and the court found for appellants, and granted the injunctive relief prayed for. Appellees filed a motion for new trial, which was overruled, whereupon an appeal to this court was perfected. This court in *Nees et al.* v. *Allen et al.* (1932), 94 Ind. App. 549, 165 N. E. 564, reversed the judgment "with directions to sustain the motion for new trial, to sustain the demurrer to the complaint, and

for further proceedings." Petition for transfer of said cause to the Supreme Court was denied June 30, 1932.

Appellants thereafter filed an amended complaint to which appellees filed a demurrer and the demurrer was sustained. Thereafter appellants filed a second amended complaint. Appellees filed an answer in general denial to said second amended complaint and interrogatories for the appellant to answer. Appellants filed a motion to strike said interrogatories, which motion the court overruled. Thereafter appellants filed answers to said interrogatories. Later appellees filed a motion to strike out and reject the second amended complaint on the ground that it was a sham pleading, which motion was sustained. Appellants refusing to plead further, the court rendered judgment that appellants take nothing by their second amended complaint. Thereafter this appeal was perfected, the errors assigned being alleged error in: (1) Overruling appellants' motion to strike the interrogatories from the files; (2) sustaining appellees' motion to strike out and reject the second amended complaint.

In support of the first assigned error appellants contend the record shows that the interrogatories were filed after the appellees had filed a general denial to the second amended complaint, which was a filing after the issues were closed and therefore an improper filing.

The transcript does *not* show that the interrogatories were filed *after* the general denial was filed. Although the transcript does not expressly state that the interrogatories were filed *with* the answer, the language used by the court in its entries showing the filing of said answer and interrogatories may be construed to mean that they were filed together and we will adopt such construction of said language.

The interrogatories, having been filed by appellees

with their answer, were timely filed. *Wheeler* v. *Teitz* (1883), 92 Ind. 379.

We will now discuss the alleged error in sustaining appellees' motion to strike out the second amended complaint as a sham pleading.

Appellants present several questions under this alleged error, but it is not necessary that we discuss any of them because the ruling of the court on appellant's motion to strike out the second amended complaint is sustainable upon the theory that the complaint is a sham pleading for the reason that the answers to the interrogatories showed that despite the allegations in the complaint that appellants had filed a remonstrance against said street improvement "within ten days after the Common Council of the City of Brazil, Indiana, had confirmed . . . (the) declaratory resolutions and ordered said street improved," appellants had *in fact* filed but one remonstrance, and that was filed before the date on which said resolution was confirmed. See facts in *Rees* v. *Allen, supra.*

The answers to the interrogatories show that appellants filed a remonstrance on June 14, 1927, the date fixed by the council for filing objections or remonstrances to the improvement, and the answers to the interrogatories further show that no other remonstrance was filed by them.

The complaint alleged that on June 14, 1927, further action on the street improvement proceeding was postponed to June 28, 1927, and that on June 28, 1927, the common council confirmed the declaratory resolution.

In *Nees* v. *Allen, supra,* this court held that said remonstrance filed on June 14, 1927, could not be "substituted" as a remonstrance to the confirmation order of June 28, 1927, and that, "Until the preliminary resolution is confirmed it may be said that there is nothing against which to remonstrate." The remonstrance

had to be filed within ten days after the declaration was confirmed or within ten days after June 28, 1927. Sec. 10440 Burns 1926 (§48-2701 Burns 1933, §11660 Baldwin's 1934; *Nees* v. *Allen, supra.*

It has been held by our Supreme Court that a pleading may be stricken out as a sham pleading, if it appears by answers to interrogatories that the pleading is false. See *Feeson et al.* v. *McConnaha* (1859), 12 Ind. 420; *Love* v. *Thompson* (1882), 86 Ind. 503.

No reversible error having been shown the judgment is affirmed.